[Cite as *State v. Gordon*, 2012-Ohio-902.]

STATE OF OHIO      )                   IN THE COURT OF APPEALS
                         )ss:             NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                     C.A. No.     25911

     Appellee

     v.                            APPEAL FROM JUDGMENT
                                 ENTERED IN THE
DANTE D. GORDON           COURT OF COMMON PLEAS
                                 COUNTY OF SUMMIT, OHIO
     Appellant               CASE No.     CR 1998-08-1896

DECISION AND JOURNAL ENTRY

Dated: March 7, 2012

CARR, Judge.

{¶1}    Appellant, Dante Gordon, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    On August 11, 1998, Dante Gordon was indicted by the Summit County Grand Jury on one count of aggravated murder in violation of R.C. 2903.01, a special felony. The charge also included a firearm specification pursuant to R.C. 2941.145. The offense occurred on or about December 7, 1997. Gordon subsequently pleaded guilty to an amended charge of murder in violation of R.C. 2903.02. By entry dated December 22, 1998, Gordon was sentenced to an indeterminate period of not less than fifteen years to life in prison for murder, and a consecutive three-year prison term for possession of a firearm.

{¶3}    Gordon filed a motion to withdraw his guilty plea on June 4, 1999. The trial court subsequently denied the motion on July 14, 1999. Gordon attempted to appeal the denial of his

motion, but this Court issued a journal entry dismissing his appeal as untimely on September 27, 1999. Gordon moved for leave to file a delayed appeal, which was denied by this Court on March 20, 2000.

{¶4} On March 17, 2010, Gordon filed a "Motion for New Sentencing." In his motion, Gordon argued that his original sentence was void because the trial court erroneously sentenced him to a term of post-release control. The State responded to the motion on March 22, 2010. The trial court denied Gordon's motion by entry dated April 5, 2010. This Court affirmed the trial court's judgment on December 22, 2010. *State v. Gordon*, 9th Dist. No. 25370, 2010-Ohio-6308.

{¶5} On January 24, 2011, Gordon filed a second motion to withdraw his guilty plea. The State filed a memorandum in response on February 25, 2011. Subsequently, on March 7, 2011, Gordon filed a motion to dismiss the indictment, as well as a motion for inspection of grand jury transcripts. The State filed a memorandum in response on March 16, 2011. Gordon filed a reply to each of the State's memoranda. The trial court issued a journal entry denying all three of Gordon's motions April 8, 2011.

{¶6} Gordon filed a notice of appeal on April 28, 2011. On appeal, he raises three assignments of error.

II.

**<u>ASSIGNMENT OF ERROR I</u>**

THE TRIAL COURT ERRED & ABUSED ITS DISCRETION WHEN IT REFUSED TO GRANT APPELLANTS MOTION TO WITHDRAW GUILTY PLEA WHERE PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, VOLUNTARILY MADE, IT WAS COERCED, INDUCED BY THREATS PROMISES COUNSEL'S ERRONOUS ADVICE, WITHHOLDING EXCULPATORY EVIDENCE AND INNEFECTIVE ASSISTANCE OF COUNSEL. AS RE[S]ULT HIS 5TH, 6TH AND 14TH AMENDMENT

RIGHTS TO THE U.S. CONSTITUTION WAS VIOLATED AND SECTION 10 & 16 ARTICLE ONE OF THE OHIO CONSTITUTION. (sic)

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANTS (sic) CRIM.R. 32.1 MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT FIRST CONDUCTING A HEARING.

{¶7}  Gordon raises two assignments of error stemming from the trial court's denial of his motion to withdraw his guilty plea.  In his first assignment of error, Gordon argues that the trial court erred and abused its discretion in denying his motion to withdraw his plea when it was not knowingly, voluntarily, and intelligently entered.  In the second assignment of error, Gordon argues that the trial court erred in refusing to conduct a hearing prior to ruling on his motion. This Court disagrees with both assertions.

{¶8}  The law regarding a post-sentence motion to withdraw a guilty plea is well-settled.

> Pursuant to Crim.R. 32.1, a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.  In a post-sentence motion, the burden of establishing the existence of a manifest injustice is upon the individual seeking to withdraw the plea.  A manifest injustice has been defined as a clear or openly unjust act.  Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases.  (Internal citations and quotations omitted.)

*State v. Brown*, 9th Dist. No. 24831, 2010-Ohio-2328, at ¶ 9.

{¶9}  Undue delay in a defendant's Crim.R 32.1 motion to withdraw is a factor "militating against the granting of the motion."  *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph three of the syllabus.

{¶10}  In *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus, the Supreme Court of Ohio articulated the parameters of the doctrine of res judicata:

4

Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, *or on an appeal from that judgment*. (Emphasis added.)

{¶11} This Court has recognized that, "[b]y the plain language of *Perry*, the doctrine of res judicata is directed at procedurally barring convicted defendants from relitigating matters which were, or could have been, litigated on direct appeal." *State v. Widman*, 9th Dist. No. 00CA007681, 2001 WL 519493 (May 16, 2001). Furthermore, this Court has applied the doctrine of res judicata in appeals stemming from the denial of a defendant's Crim.R. 32.1 motion to withdraw when the issues raised in the motion could have been raised on direct appeal. *See, e.g., State v. Gorospe*, 9th Dist. Nos. 25551, 25552, 2011-Ohio-3291; *State v. Rhoten*, 9th Dist. No. 24487, 2009-Ohio-3362, at ¶ 5-7; *State v. Rexroad*, 9th Dist. No. 22214, 2004-Ohio-6271, at ¶ 8-11.

{¶12} Gordon filed his motion to withdraw his plea more than twelve years after he was sentenced, arguing that his plea was not knowing, intelligently, and voluntarily entered. In his lengthy memorandum in support of his motion, Gordon specifically argued that the trial court failed to follow the mandates of Crim.R. 11 at his plea hearing. Gordon further argued that trial counsel rendered ineffective assistance by withholding exculpatory evidence, and participating in a conspiracy to induce a guilty plea.

{¶13} In regard to Gordon's first argument that his plea hearing was deficient, the trial court correctly concluded this argument was barred by res judicata. Gordon did not file a timely appeal from his judgment of sentence and conviction in 1998. Gordon subsequently filed a motion for delayed appeal, which was denied by this Court. Any alleged defects in the plea hearing would have been apparent on the face of the record at the time Gordon was sentenced.

As Gordon did not challenge the adequacy of his plea hearing by way of direct appeal, he was barred from raising those arguments in his second motion to withdraw his plea. *See Rexroad* at ¶ 8-11.

{¶14} Gordon's second argument in support of his motion to withdraw his plea was premised on the notion that he had recently discovered that defense counsel had withheld exculpatory evidence from him. Gordon argued that he discovered this exculpatory evidence through a public records search in 2010. Gordon further asserted that trial counsel engaged in suspicious behavior in the hours immediately preceding his plea hearing, including refusing to discuss the nature of the evidence against him, misleading the members of his family regarding the nature of the proceedings, and also arranging so that Gordon would not be wearing a suit on the day he was supposed to go to trial. Gordon attached various exhibits in support of his motion, including newspaper articles, numerous transcripts, affidavits, pictures, reports, checklists, and online docket printouts.

{¶15} Gordon has not pointed to any reliable evidence in support of his claim that defense counsel withheld exculpatory evidence. As an initial matter, the trial court found that the twelve years which elapsed between the time Gordon was sentenced and the time Gordon filed his second motion to withdraw his plea constituted undue delay. Attached to Gordon's motion was a copy of a letter to defense counsel dated September 16, 1999, in which Gordon requested all of the materials in his case file. Gordon also attached a second letter, dated July 2, 2009, in which he asked that defense counsel provide him with "all information on [his] case * * *." Gordon has not demonstrated that defense counsel failed to comply with his initial request in 1999. Furthermore, even assuming arguendo that defense counsel did not comply with Gordon's initial request, Gordon has not explained why he waited almost ten years to following up with

defense counsel. Such delay militates against the granting a motion to withdraw a plea. *See Smith*, 49 Ohio St.2d at paragraph three of the syllabus.

**{¶16}** Moreover, we note that much of Gordon's ineffective assistance argument centers on his interaction with defense counsel prior to the plea hearing. Attached to Gordon's motion was a copy of a partial transcript from a pre-trial hearing which occurred on December 16, 1998, as well as the plea hearing from December 17, 1998. During the pre-trial hearing on December 16, 1998, defense counsel stated on the record that he had provided to Gordon all of the discovery material he had been given by the State. Defense counsel further stated that the only thing he had not given to Gordon was a copy of the statement which had been given by an alleged alibi witness which had been taken earlier in the day. Gordon himself stated on the record that defense counsel had made him aware of the evidence the State would present against him. A review of the December 17, 1998 plea hearing transcript reveals that Gordon again stated on the record that defense counsel had adequately discussed the nature of the evidence that would have been presented against him if the case had proceeded to trial.

> THE COURT: Now, I know you've had extensive discussions with your lawyer, we discussed that previously, and I want to be sure you understand all of your rights and I want to be sure you understand the evidence that would be presented against you at the trial because he's reviewed all these matters and is required to advise you of that. Are there any questions that you have asked him that he has not answered?
>
> [GORDON]: No.
>
> THE COURT: Anything you've asked him to do that he has not done for you?
>
> [GORDON]: No.
>
> THE COURT: Are you satisfied with the work that he has done?
>
> [GORDON]: Yes.

THE COURT:        Do you believe he has represented your best interests?

[GORDON]:        Yes.

THE COURT:        Are there any questions that you have of him at this time?

[GORDON]:        No.

**{¶17}** Gordon clearly stated on the record that he had engaged in lengthy discussions with defense counsel and that defense counsel had conveyed the nature of the evidence against him prior to the plea hearing. Gordon further indicated that he did not have any additional questions for defense counsel. Licensed attorneys are accorded a strong presumption of competence in Ohio. *State v. Wilkins*, 64 Ohio St.2d 382, 390 (1980). Gordon discussed a litany of evidence in his motion. Other than to make a series of self-serving statements, Gordon has failed to demonstrate that defense counsel did not make him aware of the evidence in his case prior to the plea hearing. It follows that Gordon has failed to demonstrate that he would not have entered his plea but for the performance of defense counsel. Thus, for the foregoing reasons, the trial court correctly concluded that Gordon failed to demonstrate that defense counsel was ineffective.

**{¶18}** In his second assignment of error, Gordon argues that the trial court should have held a hearing prior to deciding his motion. In its judgment entry denying the motion, the trial court concluded that there was no need for a hearing because the record contradicted the allegations in support of withdrawal. This Court has held that no hearing is required "where the record, on its face, conclusively and irrefutably contradicts the allegations in support of withdrawal." *State v. Banks*, 9th Dist. No. 01CA007958, 2002-Ohio-4858, at ¶ 11, quoting *State v. Legree*, 61 Ohio App.3d 568, 574 (6th Dist.1988). While Gordon asserts that trial counsel engaged in suspicious behavior prior to the plea hearing and refused to disclose the nature of the evidence in his case, Gordon's statements on the record contradict his argument. Under these

circumstances, where Gordon failed to demonstrate a manifest injustice, the trial court was not required to conduct an evidentiary hearing. *See State v. Buck*, 9th Dist. No. 04CA008516, 2005-Ohio-2810, at ¶ 14.

{¶19} Gordon's first and second assignments of error are overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO DISMIS BOGUS INDICTMENT WITHOUT A HEARING, WHERE BOGUS INDICTMENT IS CLEARLY INVALID AND DEFECTIVE ON ITS FACE. AS RESULT APPELLANTS 5TH, 6TH & 14TH AMENDMENT RIGHT TO THE CONSTITUTION ARE VIOLATED & SEC. 10 & 16 ARTICLE ONE OF THE OHIO CONSTITUTION. (sic)

{¶20} In his third assignment of error, Gordon contends that the trial court erred and abused its discretion when it denied his motion to dismiss the indictment without a hearing. This Court disagrees.

{¶21} In support of his assignment of error, Gordon argues that his indictment was not signed by the grand jury foreperson until after he entered his guilty plea, and, therefore, the trial court never had jurisdiction over him. Gordon contends that he raised this issue with his attorney prior to entering his plea, but he was told, "don't worry about it, it means nothing." It follows, according to Gordon, that the trial court should have granted his motion to dismiss his indictment.

{¶22} A review of the trial court record reveals that the indictment was, in fact, signed by the grand jury foreperson. The indictment further bears a time stamp indicating that it was filed on August 11, 1998. An appellate court reads the journal of the trial court as importing absolute verity absent clear and convincing evidence to the contrary. *State v. Cooey*, 46 Ohio St.3d 20, 30 (1989). Moreover, Gordon did not raise any issue with the indictment on direct

appeal. As the alleged defect would have been apparent on the face of the record at the time his conviction and sentence was journalized, Gordon is now barred from raising this issue in a subsequent proceeding. *Perry*, 10 Ohio St.2d at paragraph nine of the syllabus.

{¶23} Gordon's third assignment of error is overruled.

III.

{¶24} Gordon's assignments of are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, P.J.
DICKINSON, J.
CONCUR

APPEARANCES:

DANTE D. GORDON, Pro Se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Attorney at Law, for Appellee.