[Cite as *State v. Gordon*, 2018-Ohio-4311.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29009 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DANTE D. GORDON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-1998-08-1896 |

DECISION AND JOURNAL ENTRY

Dated: October 24, 2018

CALLAHAN, Judge.

{¶1} Appellant, Dante D. Gordon, appeals an order that denied his "Motion to Vacate Void Judgment, Void Sentence and Issue a Final Appealable Order." This Court affirms.

I.

{¶2} In 1998, Mr. Gordon pleaded guilty to murder and an accompanying firearm specification. The trial court sentenced him to a prison term of fifteen years to life for the murder conviction and to a three-year prison term for the firearm specification to be served consecutively. In 2000, Mr. Gordon filed an untimely notice of appeal along with a motion for delayed appeal, but this Court denied the motion and dismissed his appeal. In the eighteen years since then, Mr. Gordon has filed numerous motions in the trial court related to the terms of his sentence, the nature of his guilty plea, the sufficiency of the indictment that charged him, and the trial court's compliance with Crim.R. 32(C) in entering judgment. He has also filed numerous appeals.

{¶3}  In 2011, Mr. Gordon moved the trial court to dismiss the indictment that charged him.  The trial court denied that motion along with several others in an order that treated the combined motions as a petition for postconviction relief.  Seven years later, Mr. Gordon filed a "Motion to Vacate Void Judgment, Void Sentence and Issue a Final Appealable Order."  The trial court denied the motion, and Mr. Gordon filed this appeal.

II.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED WHEN THE COURT REFUSED TO EXERC[ISE] ITS INHERENT AUTHORITY TO VACATE VOID JUDGMENT & VOID SENTENCE, WHEN THE COURT DENIED APPELLANT'S MOTION TO VACATE VOID JUDGMENT, VOID SENTENCE AND ISSUE A FINAL APPEALABLE ORDER, WHERE THE TRIAL COURT [LACKED] THE AUTHORITY TO PRONOUNCE A JUDGMENT & SENTENCE THE APPELLANT, CONVICTING HIM OF "3" YEARS FOR A FIREARM SPECIFICATION IN VIOLATION OF STATUTORY MANDATES PURSUANT TO [R.C.] 2941.145 WHERE THE APPELLANT PLEAD GUILTY TO MURDER, BUT ALSO PLEAD GUILTY TO THE FIREARM SPECIFICATION THAT WAS CONTINGENT ON AND PREDICATED ON THE OFFENSE OF AGGRAVATED MURDER, THUS MAKING THE CONVICTION ON THE FIREARM SPECIFICATION VOID.  AS A PROXIMATE RESULT APPELLANT'S RIGHTS WERE VIOLATED UNDER O.CONST.1 SEC.2 EQUAL PROTECTION & BENEFIT, O.CONST.1 SECT.16 REDRESS FOR INJURY, DUE PROCESS & IN VIOLATION OF THE APPELLANT'S RIGHT TO DUE PROCESS & EQUAL PROTECTION OF THE LAWS TO THE U.S. CONSTITUTION, UNDER THE 14TH AMENDMENT.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED WHEN THE COURT REFUSED TO EXERCISE ITS INHERENT POWER TO VACATE VOID JUDGMENT, WHEN THE COURT DENIED APPELLANT'S MOTION TO VACATE VOID JUDGMENT, VOID SENTENCE & ISSUE A FINAL APPEALABLE ORDER WHERE THE JUDGMENT ENTRY OF CONVICTION WAS VOID ON ITS FACE DUE TO THE COURT LACKED THE AUTHORITY TO CONVICT THE APPELLANT TO "POSSESSION OF A FIREARM" WHERE THERE IS NO SUCH CRIMINAL OFFENSE IN OHIO.  AS A PROXIMATE RESULT APPELLANT'S RIGHTS WERE VIOLATED UNDER O.CONST.1 SEC.2 EQUAL PROTECTION & BENEFIT, O.CONST.1 SECT.16 REDRESS FOR

INJURY, DUE PROCESS & IN VIOLATION TO APPELLANT'S RIGHT TO THE 14TH AMENDMENT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAWS UNDER THE U.S. CONSTITUTION, UNDER THE 14TH AMENDMENT.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED WHEN THE COURT REFUSED TO EXERCISE ITS INHERENT AUTHORITY TO VACATE THE APPELLANT'S SENTENCE, WHEN THE TRIAL COURT DENIED APPELLANT'S MOTION TO VACATE VOID JUDGMENT[,] VOID SENTENCE & ISSUE A FINAL APPEALABLE ORDER WHERE THE JUDGMENT ENTRY OF CONVICTION WAS VOID ON ITS FACE, DUE TO THE COURT LACKING AUTHORITY TO SENTENCE APPELLANT TO "3" YEARS, WHERE NO SENTENCE NOR OFFENSE EXIST IN OHIO FOR "POSSESSION OF A FIREARM." AS A PROXIMATE RESULT APPELLANT'S RIGHTS WERE VIOLATED UNDER O.CONST.1 SEC.2 EQUAL PROTECTION & BENEFIT, O.CONST.1 SECT.16 REDRESS FOR INJURY DUE PROCESS & IN VIOLATION TO APPELLANT'S RIGHT TO THE FOURTEENTH AMENDMENT TO DUE PROCESS & EQUAL PROTECTION OF THE LAWS TO THE U.S. CONSTITUTION.

## ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED WHEN THE COURT REFUSED TO EXERCISE ITS INHERENT AUTHORITY TO VACATE APPELLANT'S VOID JUDGMENT ENTRY & ISSUE A FINAL APPEALABLE ORDER. WHERE THE JOURNAL ENTRY VIOLATES [CRIM.R.] 32(C) STATE V. BAKER, [P1] ONE DOCUMENT RULE & WHERE THE JUDGMENT ENTRY [DOES] NOT SPEAK THE TRUTH, FAILING TO PROPERLY JOURNALIZE THE JUDGMENT OF THE CONVICTION BAKER, [P10], WHERE THE JUDGMENT ENTRY [DOES] NOT DISPOSE OF THE FIREARM SPECIFICATION THAT APPELLANT PLEAD GUILTY TO AND WAS CONVICTED OF PURSUANT TO [R.C.] 2941.145 NOR THE SENTENCE TO THE FIREARM SPECIFICATION PURSUANT TO [R.C.] 2941.145 THAT WAS CONTINGENT & PREDICATED ON AGGRAVATED MURDER. AS A PROXIMATE RESULT APPELLANT'S RIGHTS WERE VIOLATED UNDER O.CONST.1 SEC.2 EQUAL PROTECTION AND BENEFIT, O.CONST.1 SECT.16 REDRESS FOR INJURY, DUE PROCESS & IN VIOLATION OF THE APPELLANT'S RIGHTS TO THE FOURTEENTH AMENDMENT TO DUE PROCESS & EQUAL PROTECTION OF THE LAWS TO THE U.S. CONSTITUTION.

{¶4} Mr. Gordon's four assignments of error argue that the trial court erred by denying his postsentence motion. This Court disagrees.

{¶5} "A vaguely titled motion, including a motion to correct or vacate a judgment or sentence, may be construed as a petition for post-conviction relief under R.C. 2953.21(A)(1) where (1) the motion was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence." *State v. Davis*, 9th Dist. Medina No. 15C0004-M, 2015-Ohio-5182, ¶ 6, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). Mr. Gordon's motion meets each of these requirements and is properly construed as a petition for postconviction relief.

{¶6} A trial court may only entertain second or successive petitions for postconviction relief when two thresholds have been met:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right [and]

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1). Mr. Gordon's second petition for postconviction relief did not explain why he was unavoidably prevented from discovering the facts upon which his petition was based, and it did not identify a retroactive right that has been recognized by the United States Supreme Court. *See State v. Wright*, 9th Dist. Summit No. 27880, 2016-Ohio-3542, ¶ 9. Accordingly, this Court concludes that the trial court did not err by denying his petition, and Mr. Gordon's four assignments of error are overruled.

III.

**{¶7}** Mr. Gordon's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DANTE D. GORDON, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and MARRETT W. HANNA, Assistant Prosecuting Attorney, for Appellee.