[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Witt*, Slip Opinion No. 2025-Ohio-868.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-868

THE STATE EX REL. MOBLEY *v.* WITT, PROS. ATTY.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Witt*, Slip Opinion No. 2025-Ohio-868.]

*Mandamus—Public-records requests—Requester failed to prove by clear and convincing evidence that the requested records exist—Writ, statutory damages, and court costs denied—Prosecutor's motion for sanctions denied.*

(No. 2023-1566—Submitted January 7, 2025—Decided March 18, 2025.)

IN MANDAMUS.

————————

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} In this original action, relator, Alphonso Mobley Jr., an inmate at Southeastern Correctional Institution, requests (1) a writ of mandamus ordering

respondent, Fairfield County Prosecuting Attorney R. Kyle Witt,[1] to provide him with copies of records he previously requested, (2) statutory damages, and (3) court costs. Also before us is the prosecutor's motion for sanctions against Mobley for frivolous conduct. For the reasons explained below, we deny Mobley's requests and deny the prosecutor's motion.

## I. FACTS AND PROCEDURAL HISTORY

### A. Mobley's Public-Records Request and the Prosecutor's Response

{¶ 2} In November 2022, Mobley sent a letter to the prosecutor's office by certified mail. The letter itself has not been submitted as evidence in this case, but Mobley states that he requested copies of the prosecutor's (1) "[c]ash book for years 2016-2021, pursuant to R.C. 2335.25" and (2) "[c]ertified reports for the years 2016-2021, pursuant to R.C. 2335.27." The prosecutor does not deny that Mobley made those requests.

{¶ 3} R.C. 2335.25 requires prosecuting attorneys to enter in a cashbook or journal an accurate account of all moneys that they collect or receive in their official capacity. The statute further provides that the cashbook "shall be a public record of the office." R.C. 2335.27 provides that each year, the prosecuting attorney shall file with the clerk of the court of common pleas a certified report of all costs collected in felony cases and a similar certified report of costs collected in misdemeanor cases.

{¶ 4} One week after Mobley sent his request, the prosecutor's office responded by letter to Mobley and denied having any public records responsive to either of his requests. The letter asserted that the prosecutor's office does not have such records, because the office does not collect costs or fines or "receive any moneys in the official capacity of the Prosecuting Attorney."

---

1. Mobley misspelled the prosecutor's name as "Whitt" in his complaint.

**B. The Mandamus Action**

{¶ 5} In December 2023, Mobley filed a complaint in this court requesting a writ of mandamus ordering the prosecutor to produce copies of the requested records. Mobley also seeks statutory damages and court costs. The prosecutor filed a motion to dismiss. In March 2024, we denied the prosecutor's motion to dismiss, ordered him to file an answer, granted an alternative writ, and set a schedule for the submission of evidence and briefs. 2024-Ohio-880. Both parties submitted evidence and briefs.

{¶ 6} The prosecutor also filed a motion asking us to sanction Mobley for engaging in frivolous conduct. Mobley did not file a response to the prosecutor's motion for sanctions.

**II. ANALYSIS**

{¶ 7} Mandamus is an appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 2006-Ohio-903, ¶ 6; R.C. 149.43(C)(1)(b). To obtain the writ, "the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it." *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10. The relator has the "burden to prove, by clear and convincing evidence, that the records that [he] requested exist and are public records maintained by the [public] office." *State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8.

**A. Cashbook Kept Pursuant to R.C. 2335.25**

{¶ 8} The prosecutor denied Mobley's request for copies of a "[c]ashbook pursuant to R.C. 2335.25 for the years 2016-2021" because the prosecutor's office did not have any records responsive to that request. Mobley advances two arguments to show that the prosecutor possesses responsive records, but we reject both arguments as explained below.

3

*1. The records-retention schedule and internal policies of the prosecutor's office do not establish that cashbooks exist*

{¶ 9} Mobley argues that the prosecutor's assertion that he does not have cashbooks that are responsive to his requests is contradicted by the prosecutor's own records-retention schedule and internal control policy for the receipt and expenditure of proceeds from forfeited property and mandatory fines. Mobley submitted both the records-retention schedule and internal control policy into evidence. He points out that the internal control policy requires that any money collected from forfeiture or mandatory fines be deposited into a Law Enforcement Trust Fund account and that the records-retention schedule contains a schedule item for bank deposits, receipts, and statements. Mobley thus asserts that under R.C. 2335.25, the prosecutor's office must record the receipt of the money it collects.

{¶ 10} In response, the prosecutor argues that his office complied with the Public Records Act when it informed Mobley that no responsive records exist, because the prosecutor's office does not maintain records pursuant to R.C. 2335.25. The prosecutor further contends that the fact that a records-retention schedule contains a category of records does not prove that a specific record exists.

{¶ 11} The prosecutor submitted his own affidavit and an affidavit from his office manager. His office manager avers that the prosecutor's office does not keep a cashbook or journal pursuant to R.C. 2335.25 and that such a cashbook or journal does not exist for the years 2016 through 2021. The prosecutor similarly attests that he has never kept or ordered kept a cashbook or journal pursuant to R.C. 2335.25. He states that it is the office's "policy not to accept any payments, cash or otherwise, for any fines, costs, penalties, or other monetary amounts assessed by Court orders or in response to any pleas." He further avers that, to his knowledge, the prosecutor's office "has never directly accepted any payments for fines, penalties, or other monetary amounts pursuant to R.C. 2335.25 or 2335.27."

**{¶ 12}** "When a public office attests that it does not have responsive records, the relator in a public-records mandamus case bears the burden of proving by clear and convincing evidence that the requested records exist and are maintained by the public office." *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 13. In this case, the affidavits submitted by the prosecutor establish that no records responsive to Mobley's request for cashbooks exist.

**{¶ 13}** The only evidence that Mobley submitted to rebut the affidavits is the records-retention schedule and internal control policy. But in *State ex rel. Mobley v. Bates*, 2024-Ohio-2827, a case involving a similar request for a prosecutor's cashbook kept pursuant to R.C. 2335.25, we concluded that "the existence of a particular records schedule at a public office does not necessarily mean that the public office has records encompassed by that schedule." *Id*. at ¶ 9. The same reasoning applies here. The references to the recording of deposits received by the prosecutor or receipts or expenditures in the records-retention schedule and internal control policy are not clear and convincing evidence that the prosecutor maintained a cashbook for the years requested. Accordingly, Mobley's argument is not well-taken.

*2. Mobley has not shown that the prosecutor's office keeps a unified record of all moneys collected or received*

**{¶ 14}** Mobley also argues in his merit brief that "[r]espondent collects money in [his] official capacity and records the receipt of that money consistent with R.C. 2335.25, which provides" that a prosecutor shall enter in a cashbook or journal an accurate account of all moneys collected or received.

**{¶ 15}** The prosecutor admits in his merit brief that his office manages "a Law Enforcement Trust Fund Account, pursuant to R.C. 2981.13(C), and a Furtherance of Justice Account, pursuant to R.C. 325.12(E)." However, the prosecutor argues that when Mobley cited R.C. 2335.25 in his request, he limited the scope of his request, which he cannot broaden through his brief. The prosecutor

contends that the Law Enforcement Trust Fund and Furtherance of Justice Account are not kept in accordance with R.C. 2335.25, but rather in accordance with their own respective statutory provisions in different Revised Code chapters.

{¶ 16} In his reply brief, Mobley argues that the record he requested is "[t]he public record that records the receipt of all moneys collected or received in Respondent's official capacity as mandated by R.C. 2335.25" and is not limited to moneys received by court order or in response to pleas. (Underlining in original.)

{¶ 17} "It is true that a public-records requester may not broaden the scope of a request through a legal brief filed in pursuit of the records requested." *State ex rel. Mobley v. Powers*, 2024-Ohio-104, ¶ 24. However, Mobley has not impermissibly broadened his record request here. His argument, implicit in his merit brief and explicit in his reply brief, is instead that R.C. 2335.25 requires that all moneys collected or received by the prosecutor's office be recorded in a cashbook or journal.

{¶ 18} Nevertheless, we do not need to interpret the breadth of R.C. 2335.25 or determine whether it requires the prosecutor to keep a unified accounting of all moneys collected or received. Instead, the issue in this case is whether Mobley has shown by clear and convincing evidence that the prosecutor's office kept such a unified record, or any record made pursuant to R.C. 2335.25, for the years 2016 through 2021. Mobley has not done so. He has not introduced any evidence that contradicts the affidavits from the prosecutor and his office manager that deny the existence of such records. Therefore, Mobley is not entitled to a writ of mandamus ordering the prosecutor to provide copies of the requested cashbooks or journals.

**B. Certified Reports Kept Pursuant to R.C. 2335.27**

{¶ 19} The prosecutor also denied Mobley's request for copies of certified reports kept pursuant to R.C. 2335.27 for the years 2016 through 2021 because the prosecutor's office did not have any records responsive to the request. Mobley admits in his brief that the prosecutor's office's records-retention schedule does not

specify that the prosecutor's office retains a certified report pursuant to R.C. 2335.27. He further admits that he has no evidence that the prosecutor created such a record, and he says that he will concede that the record does not exist if the prosecutor provides evidence that he did not create it. Both the prosecutor and his office manager assert in their affidavits that the office does not compile a certified report of costs or fines collected by the office for felony or misdemeanor cases pursuant to R.C. 2335.27.

**{¶ 20}** Because the uncontroverted evidence shows that the prosecutor does not keep certified reports pursuant to R.C. 2335.27 and, thus, that such reports do not exist, we deny the writ as to this request. *See State ex rel. Hedenberg v. N. Cent. Corr. Complex*, 2020-Ohio-3815, ¶ 7 ("a writ of mandamus will not issue when the uncontroverted evidence shows that the requested documents do not exist").

### C. Mobley Is Not Entitled to Statutory Damages or Court Costs

**{¶ 21}** Mobley also requests statutory damages and court costs. A public-records requester shall be entitled to statutory damages if (1) he transmitted a written public-records request by hand delivery, electronic submission, or certified mail, (2) he made the request to the public office or person responsible for the requested records, (3) he fairly described the records sought, and (4) the public office failed to comply with an obligation under R.C. 149.43(B). R.C. 149.43(C)(2).

**{¶ 22}** Mobley has not shown that the prosecutor failed to comply with an obligation under R.C. 149.43(B). By replying in writing that he was not in possession of any records responsive to Mobley's public-records requests, the prosecutor complied with R.C. 149.43(B). *See Culgan*, 2024-Ohio-4715, at ¶ 16 (a statement that the public office has no records responsive to the requests suffices as compliance with R.C. 149.43(B)). Therefore, Mobley is not entitled to statutory damages.

**{¶ 23}** As for court costs, there are no court costs to award, because Mobley filed an affidavit of indigency. *See State ex rel. Straughter v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-1543, ¶ 16 (there are no costs to award when a requester files an affidavit of indigency). Therefore, we deny his request for court costs.

### D. The Prosecutor's Motion for Sanctions Is Denied

**{¶ 24}** Mobley requests in his brief the maximum amount of postjudgment interest allowed under R.C. 1343.03(C)(1)(b). In the prosecutor's motion for sanctions for frivolous conduct, he argues that Mobley's request for postjudgment interest is unwarranted by law and that the court should sanction Mobley for requesting such interest. Thus, the prosecutor moves for sanctions under S.Ct.Prac.R. 4.03, which states:

> If the Supreme Court . . . determines that an appeal or other action is frivolous or is prosecuted for delay, harassment, or any other improper purpose, it may impose appropriate sanctions on the person who signed the appeal or action, a represented party, or both . . . . An appeal or other action shall be considered frivolous if it is not reasonably well-grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law.

S.Ct.Prac.R. 4.03(A).

**{¶ 25}** R.C. 1343.03(C)(1)(b) provides for interest on a judgment, decree, or order for the payment of money in a civil action arising out of tortious conduct. The prosecutor argues that the provision does not apply to a mandamus action brought under a statutory right. However, S.Ct.Prac.R. 4.03(A) applies to appeals or other actions instituted in this court, not individual filings. *See State ex rel. Ware v. Vigluicci*, 2024-Ohio-5492, ¶ 7 (noting that S.Ct.Prac.R. 4.03(A) applies to an

appeal or other action and Civ.R. 11 applies to individual filings), citing *State ex rel. Mobley v. Chambers-Smith*, 2024-Ohio-1910, ¶ 5 (DeWine, J., concurring).

{¶ 26} The prosecutor does not assert that Mobley's entire case is frivolous, nor does he argue that sanctions should be awarded under Civ.R. 11. Therefore, we deny the prosecutor's motion for sanctions.

### III. CONCLUSION

{¶ 27} For the foregoing reasons, we deny Mobley's requests for a writ of mandamus and for statutory damages and court costs. We also deny the prosecutor's motion for sanctions for frivolous conduct.

Writ denied.

_____

Alphonso Mobley Jr., pro se.

R. Kyle Witt, Fairfield County Prosecuting Attorney, and Amy Brown Thompson, Steven Darnell, and Austin R. Lines, Assistant Prosecuting Attorneys, for respondent.

_____