[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Gordon v. Smith*, Slip Opinion No. 2025-Ohio-4768.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

**SLIP OPINION NO. 2025-OHIO-4768**

**GORDON, APPELLANT, *v*. SMITH, WARDEN, APPELLEE.**

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Gordon v. Smith*, Slip Opinion No. 2025-Ohio-4768.]**

*Habeas corpus—Inmate failed to state a claim for habeas relief in that his maximum sentence had not expired and he had adequate remedies in ordinary course of law—Court of appeals' judgment granting warden's motion to dismiss affirmed.*

(No. 2024-1673—Submitted June 24, 2025—Decided October 21, 2025.)

APPEAL from the Court of Appeals for Belmont County,

No. 24 BE 0007, 2024-Ohio-5065.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Dante' D. Gordon, is incarcerated at the Belmont Correctional Institution, where appellee, Shelbie Smith, is the warden. Gordon appeals the Seventh District Court of Appeals' dismissal of his petition for a writ of habeas corpus. Because the Seventh District correctly determined that Gordon had failed to state a claim for habeas relief, we affirm the judgment of dismissal. During the briefing of this appeal, Gordon filed a motion asking that we deem the warden's merit brief to be frivolous and that we impose sanctions under S.Ct.Prac.R. 4.03(A). We deny the motion, including the request for sanctions.

## I. BACKGROUND

{¶ 2} After plea negotiations on an aggravated-murder charge, Gordon pleaded guilty in 1998 to murder and to an attached firearm specification. The Summit County Common Pleas Court sentenced him to an aggregate term of 18 years to life in prison. He did not timely appeal his convictions and sentence, but he later filed various motions, including motions to withdraw his guilty pleas, for delayed appeal, for resentencing, to dismiss the indictment, to inspect grand-jury transcripts, to vacate the judgment and sentence as void, and for postconviction relief. These motions were denied, and the court of appeals either affirmed the judgment or dismissed the appeal in each case. *State v. Gordon*, 2012-Ohio-902, ¶ 3-5, 24; *State v. Gordon*, 2018-Ohio-4311, ¶ 3, 7; *State v. Gordon*, 2023-Ohio-2754, ¶ 4-5, 16.

{¶ 3} In 2022 and 2023, Gordon filed three petitions for a writ of habeas corpus in the Seventh District, contending in each that the trial court lacked jurisdiction to convict and sentence him. He later voluntarily dismissed all three petitions.

{¶ 4} Gordon filed the habeas petition underlying the present appeal in April 2024, again arguing that the trial court lacked jurisdiction to convict and sentence him. In particular, he alleged that the trial court lacked jurisdiction

because his guilty pleas had been coerced, the police had lacked probable cause to arrest him, the criminal complaint and indictment were defective, he had received ineffective assistance of counsel, the prosecution and judge were corrupt and had committed fraud, and he was actually innocent. He also submitted discovery requests.

{¶ 5} The warden moved to dismiss, arguing that Gordon was not entitled to a writ of habeas corpus because his maximum sentence had not expired and his specific claims were not cognizable in a habeas proceeding. Gordon responded to the warden's motion to dismiss and also filed a motion for summary judgment. The warden responded to the summary-judgment motion, requesting as well that discovery be stayed pending the Seventh District's ruling on the motion to dismiss.

{¶ 6} The Seventh District granted the warden's motion to dismiss. 2024-Ohio-5065, ¶ 35 (7th Dist.). In addition to dismissing the action on grounds asserted in the motion, *id.* at ¶ 23, 34, the court held that Gordon was procedurally barred under the double-dismissal rule of Civ.R. 41(A)(1) from raising the same claims he asserted in the prior habeas petitions he voluntarily dismissed, *id*. at ¶ 21-22. The court dismissed all other motions and filings as moot. *Id*. at ¶ 35.

{¶ 7} Gordon has timely appealed to this court, arguing only that the Seventh District erred in holding that his habeas petition was barred by the double-dismissal rule. He has also filed a motion asking that we deem the warden's merit brief to be frivolous and impose sanctions under S.Ct.Prac.R. 4.03(A).

## II. ANALYSIS

### A. Motion to Deem Appellee's Brief Frivolous and Request for Sanctions

{¶ 8} Gordon requests that we deem the warden's merit brief frivolous and impose sanctions under S.Ct.Prac.R. 4.03(A), which provides:

If the Supreme Court, sua sponte or on motion by a party, determines that an appeal or other action is frivolous or is prosecuted

for delay, harassment, or any other improper purpose, it may impose appropriate sanctions on the person who signed the appeal or action, a represented party, or both. . . . An appeal or other action shall be considered frivolous if it is not reasonably well-grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law.

133 Ohio St.3d CXXXIX, CLXX (effective Jan. 1, 2013).[1]  Gordon contends that the warden's brief is not reasonably well-grounded in fact and is premised on fraud. The basis for Gordon's argument is that he disagrees with the statement of facts and various other assertions in the brief.

{¶ 9} This argument lacks merit.  S.Ct.Prac.R. 4.03(A) applies only to appeals and other actions instituted in this court, not individual filings.  *State ex rel. Mobley v. Witt*, 2025-Ohio-868, ¶ 25; *State ex rel. Ware v. Vigluicci*, 2024-Ohio-5492, ¶ 7.  Gordon does not seek sanctions under Civ.R. 11, which applies to individual filings made in this court, *Ware* at ¶ 7.  Rather, he asks us to deem the warden's brief frivolous under S.Ct.Prac.R. 4.03(A).  Because the warden's brief is an individual filing, not "an appeal or other action," S.Ct.Prac.R. 4.03(A) does not apply.  We therefore deny Gordon's motion and request for sanctions.

**B.  Petition for Writ of Habeas Corpus**

*1.  Standard of Review*

{¶ 10} This court reviews de novo a court of appeals' Civ.R. 12(B)(6) dismissal of a habeas corpus petition.  *State ex rel. Spencer v. Forshey*, 2023-Ohio-4568, ¶ 6.  Dismissal is appropriate only if it appears beyond doubt from the petition, presuming all factual allegations as true and making all reasonable

---

1. As of April 1, 2025, S.Ct.Prac.R. 4.03(A) applies to a "filing" rather than to an "appeal or other action."  In the present case, because the warden's brief was filed before April 1, 2025, the former version of the rule applies.

inferences in the nonmovant's favor, that the petitioner can prove no set of facts entitling him to a writ of habeas corpus. *Id*. To be entitled to habeas relief, Gordon must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. R.C. 2725.01; *State ex rel. Davis v. Turner*, 2021-Ohio-1771, ¶ 8. Habeas corpus is not available when the petitioner has an adequate remedy in the ordinary course of the law, except when the court causing the confinement patently and unambiguously lacked subject-matter jurisdiction. *Leyman v. Bradshaw*, 2016-Ohio-1093, ¶ 8-9. "In habeas corpus cases, the burden of proof is on the petitioner to establish his right to release." *Chari v. Vore*, 2001-Ohio-49, ¶ 10.

*2. No Entitlement to Writ of Habeas Corpus*

{¶ 11} Gordon's sole proposition of law is that the Seventh District erred in determining that his habeas petition is barred by the double-dismissal rule. Because his own prior habeas petitions were procedurally deficient, he argues, he never had the authority to voluntarily dismiss those petitions and the court never had the authority to issue the judgments of dismissal. He does not challenge the court's other grounds for dismissing the habeas petition he filed in April 2024.

{¶ 12} "To obtain reversal of a judgment, an appellant must show an error that was prejudicial to him." *State ex rel. Martre v. Cheney*, 2023-Ohio-4594, ¶ 13. Even if the Seventh District erred in applying the double-dismissal rule to Gordon's petition, he cannot obtain reversal on that basis, because as explained below, the Seventh District correctly determined that Gordon failed to establish a basis for habeas relief.

{¶ 13} As the Seventh District noted, Gordon's maximum sentence has not expired. He was sentenced in 1998 to an aggregate term of 18 years to life in prison. A petitioner is not entitled to a writ of habeas corpus upon completion of his minimum sentence. *State ex rel. Fuller v. Eppinger*, 2018-Ohio-2629, ¶ 8. Habeas corpus is generally available only when the petitioner's maximum sentence has

expired and he is being held unlawfully. *Id*. Dismissal of a habeas petition for failure to state a claim is appropriate when the petitioner has not completed his maximum sentence. *Id*. at ¶ 9. Because Gordon's maximum sentence of life in prison has not expired, he cannot be entitled to habeas relief.

{¶ 14} Moreover, Gordon had adequate remedies in the ordinary course of the law for his specific claims, which are not cognizable in habeas. In his habeas petition, he alleged a coerced guilty plea, lack of probable cause for his arrest, a defective criminal complaint and indictment, corruption and fraud by the prosecution and judge, ineffective assistance of counsel, and actual innocence. But such claims do not implicate the jurisdiction of the trial court and may be resolved by direct appeal or in postconviction proceedings, thus precluding relief in habeas corpus. *See Douglas v. Money*, 1999-Ohio-381, ¶ 10 (validity or sufficiency of an indictment); *id.* at ¶ 8 (conspiracy and bias); *Kelley v. Wilson*, 2004-Ohio-4883 (plea irregularities); *Orr v. Schweitzer*, 2021-Ohio-1786, ¶ 8 (prosecutorial misconduct); *Bell v. McConahay*, 2023-Ohio-693, ¶ 12 (ineffective assistance of counsel); *Orr* at ¶ 6 (actual innocence).

{¶ 15} Because none of his specific claims implicates the jurisdiction of the trial court, Gordon has not established that the court lacked subject-matter jurisdiction to convict and sentence him. He pleaded guilty to a felony and was sentenced by the Summit County Common Pleas Court. R.C. 2931.03 vests courts of common pleas with subject-matter jurisdiction over all felony cases; therefore, the trial court had jurisdiction to accept Gordon's guilty pleas and enter judgment convicting him of murder and the attached firearm specification. *State ex rel. Boyd v. Tone*, 2024-Ohio-1703, ¶ 11-12, citing R.C. 2931.03.

{¶ 16} The Seventh District correctly concluded that Gordon's petition fails to state a claim for habeas relief. Therefore, we need not consider whether the court erred in holding that Gordon's habeas petition was procedurally barred by Civ.R. 41's double-dismissal rule.

### III. CONCLUSION

{¶ 17} We affirm the judgment of the Seventh District Court of Appeals dismissing Gordon's petition for a writ of habeas corpus, deny his motion to deem the warden's merit brief frivolous, and deny the request for sanctions.

Judgment affirmed.

_____

Dante' D. Gordon, pro se.

Dave Yost, Attorney General, and Lisa K. Browning, Assistant Attorney General, for appellee.

_____