[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Leyman v. Bradshaw,* Slip Opinion No. 2016-Ohio-1093.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1093

LEYMAN, APPELLANT, *v.* BRADSHAW, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Leyman v. Bradshaw,* Slip Opinion No. 2016-Ohio-1093.]**

*Habeas corpus—Trial court in petitioner's criminal case did not lack subject-matter jurisdiction— R.C. 2901.11—Petitioner is not entitled to immediate release—Court of appeals' dismissal of petition affirmed.*

(No. 2015-0367—Submitted December 15, 2015—Decided March 22, 2016.)

APPEAL from the Court of Appeals for Richland County,

No. 14 CA 93, 2015-Ohio-751.

_____

**Per Curiam.**

{¶ 1} Appellant, Donald F. Leyman, appeals from the decision of the Fifth District Court of Appeals dismissing his petition for a writ of habeas corpus. Leyman contends that he is entitled to immediate release from prison because the trial court lacked subject-matter jurisdiction to convict him of and sentence him for rape and gross sexual imposition. Leyman is not entitled to a writ of habeas corpus

because he has not established that the trial court lacked subject-matter jurisdiction. We affirm.

*Facts*

**{¶ 2}** In 1991, Leyman married a woman who had two children, a girl and a boy, from a previous relationship. In June 1993, the woman and the two children moved from Hamilton, New York, to Medina, Ohio. Leyman soon followed them, moving to Ohio in August or September 1993 and living in an apartment with them. According to the woman, Leyman remained in Ohio until early 1996, when he moved out of state after the couple separated. He and the woman later divorced. In September 1996, the children told their mother that Leyman had assaulted them. Leyman was eventually indicted by a grand jury on several counts of rape and gross sexual imposition ("GSI").

**{¶ 3}** In 1999, Leyman was convicted of rape of his former stepson and GSI upon both children and sentenced to 7 to 25 years for rape and 18 months for each count of GSI, with all sentences to be served concurrently. Leyman appealed his rape conviction, and the trial court's judgment was affirmed. *State v. Leyman*, 9th Dist. Medina No. 2970-M, 2000 WL 1471062 (Oct. 4, 2000). We declined review. 91 Ohio St.3d. 1433, 741 N.E.2d 895 (2001).

**{¶ 4}** In 2013, Leyman filed a petition for postconviction relief and a motion for leave to file a motion for a new trial, which the trial court dismissed and denied, respectively. The trial court's rulings were ultimately affirmed. *State v. Leyman*, 9th Dist. Medina No. 14CA0037-M, 2016-Ohio-59. Leyman filed an application in the Ninth District Court of Appeals in 2013 to reopen his direct appeal. That court denied the application for reopening, and we declined review. 139 Ohio St.3d 1429, 2014-Ohio-2725, 11 N.E.3d 284.

**{¶ 5}** Leyman then filed a petition for a writ of habeas corpus in the Fifth District Court of Appeals. That court dismissed the petition, and this appeal followed.

*Analysis*

**Oral Argument**

{¶ 6} Leyman requests oral argument. Oral argument in a direct appeal is discretionary. S.Ct.Prac.R. 17.02(A). This case involves a straightforward application of statutory interpretation, not a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among the courts of appeals. *See State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 16, citing *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 4, and cases cited therein.

{¶ 7} We deny the motion for oral argument.

**Merits**

{¶ 8} To be entitled to a writ of habeas corpus, Leyman must show that he is being unlawfully restrained of his liberty, R.C. 2725.01, and that he is entitled to an "immediate release from prison or some other physical confinement," *Scanlon v. Brunsman*, 112 Ohio St.3d 151, 2006-Ohio-6522, 858 N.E.2d 411, ¶ 4. A writ of habeas corpus is generally "available only when the petitioner's maximum sentence has expired and he is being held unlawfully." *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998), citing *Morgan v. Ohio Adult Parole Auth.*, 68 Ohio St.3d 344, 346, 626 N.E.2d 939 (1994). Like other extraordinary-writ actions, "habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6.

{¶ 9} However, there is a limited exception to the adequate-remedy requirement: "when a court's judgment is void because it lacked jurisdiction, habeas is still an appropriate remedy despite the availability of appeal." *Gaskins v. Shiplevy*, 74 Ohio St.3d 149, 151, 656 N.E.2d 1282 (1995); *see also Davis v. Wolfe*, 92 Ohio St.3d 549, 552, 751 N.E.2d 1051 (2001). Leyman argues that under R.C. 2901.11 and *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d

845, the trial court lacked jurisdiction to convict him of the rape of his former stepson, the only offense for which he remains incarcerated.

{¶ 10} In *Yarbrough*, we reversed a defendant's multiple murder convictions based on the language of former R.C. 2901.11(B), Am.Sub.S.B. No. 565, 147 Ohio Laws, Part II, 4493, 4498, which, at the time, required that with regard to homicide, the act or physical conduct that caused death, or the death itself, must have occurred in Ohio for the trial court to have jurisdiction over the prosecution of the homicide: "R.C. 2901.11(B) narrows the scope of 'any element' in homicide cases to 'either the act that causes death, or the physical contact that causes death, or the death itself.' " *Yarbrough* at ¶ 43, quoting R.C. 2901.11(A)(1) and former R.C. 2901.11(B). In that case, it was undisputed that all the acts resulting in the victims' deaths occurred in Pennsylvania, not in Ohio. Consequently, Ohio courts did not have jurisdiction over the homicides under the statute as it was worded at the time. *Id.* at ¶ 44.

{¶ 11} In *Yarbrough*, we admonished the prosecutor and trial court for misconstruing Ohio's venue statute, R.C. 2901.12, as applicable to the trial court's jurisdiction over the homicides under R.C. 2901.11. *Id.* at ¶ 1-5, 46. Leyman argues that the Ninth District in his direct appeal, the Fifth District in this original action, and the warden in her brief all make that same mistake. To be sure, the concepts of venue and jurisdiction are stated in different statutes and each statute is subject to its own separate legal analysis.

{¶ 12} But for two reasons, Leyman's argument is without merit. First, *Yarbrough* involved R.C. 2901.11(B), the division of the statute that specifically pertains to jurisdiction over only homicide. Leyman has not been convicted of homicide but of rape. Neither R.C. 2901.11(B) nor *Yarbrough* applies to his conviction.

{¶ 13} Second, R.C. 2901.11(D) does apply to Leyman's case. That division provides:

When an offense is committed under the laws of this state, and it appears beyond a reasonable doubt that the offense or any element of the offense took place either in this state or in another jurisdiction or jurisdictions, but it cannot reasonably be determined in which it took place, the offense or element is conclusively presumed to have taken place in this state for purposes of this section.

**{¶ 14}** Moreover, as we noted in *Yarbrough*, R.C. 2901.11 "is intended to grant Ohio courts 'the broadest possible jurisdiction over crimes and persons committing crimes in or affecting this state, consistent with constitutional limitations.' " 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, at ¶ 42, quoting the 1973 Legislative Service Commission comment to R.C. 2901.11. This standard was codified with slightly different wording, effective July 13, 2005, as R.C. 2901.11(G). Sub.S.B. No. 20, 151 Ohio Laws, Part I, 10, 12.

**{¶ 15}** At trial, Leyman's former stepson testified that the events at issue occurred when he was "[s]ix, seven, eight" years old. The former stepson, who was born in June 1985, could not remember where he was living when the offenses occurred. His mother testified at trial that the family, including Leyman, lived in Ohio after August or September 1993. Therefore, because the former stepson's testimony supported that the offenses occurred during at least part of the time period that the family lived in Ohio, under R.C. 2901.11(D), the offenses, including the rape, are presumed to have taken place in Ohio.

**{¶ 16}** Because Leyman has not demonstrated that the trial court lacked jurisdiction, he cannot obtain a writ of habeas corpus.

*Conclusion*

**{¶ 17}** Leyman is not entitled to a writ of habeas corpus because under the relevant statute, the trial court did not lack subject-matter jurisdiction over his case.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Stephen P. Hanudel, for appellant.

Michael DeWine, Attorney General, and William H. Lamb, Assistant Attorney General, for appellee.

_____