[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Harris v. Turner*, Slip Opinion No. 2020-Ohio-2901.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-2901

THE STATE EX REL. HARRIS, APPELLANT, *v.* TURNER, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Harris v. Turner*, Slip Opinion No. 2020-Ohio-2901.]

*Habeas corpus—Inmate's claims are not cognizable in habeas corpus—Court of appeals' dismissal of complaint affirmed.*

(No. 2019-1228—Submitted February 25, 2020—Decided May 13, 2020.)

APPEAL from the Court of Appeals for Marion County, No. 9-19-25.

_____

**Per Curiam.**

{¶ 1} Appellant, Lionel Harris, appeals the judgment of the Third District Court of Appeals dismissing his complaint for a writ of habeas corpus against appellee, Neil Turner, warden of the North Central Correctional Complex. We affirm.

**Background**

**{¶ 2}** In 1992, a Hamilton County jury found Harris guilty of aggravated murder and the trial court sentenced him to life in prison, with eligibility for parole in 20 years. The Adult Parole Authority ("APA") denied Harris parole in 2005, 2011, and 2018.

**{¶ 3}** In May 2019, Harris filed in the Third District a complaint for a writ of habeas corpus seeking immediate release from prison. In August 2019, the Third District dismissed Harris's complaint for failing to state a cognizable claim in habeas corpus.

**{¶ 4}** Harris appealed, asserting six propositions of law. He also filed two motions for judicial notice.

**Analysis**

**{¶ 5}** "To be entitled to a writ of habeas corpus, a party must show that he is being unlawfully restrained of his liberty, R.C. 2725.01, and that he is entitled to immediate release from prison or confinement." *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. "In general, habeas relief is available when the sentencing court lacked subject-matter jurisdiction." *Smith v. May*, ___ Ohio St.3d ___, 2020-Ohio-61, ___ N.E.3d ___, ¶ 14.

*Proposition of Law Nos. 1 and 2*

**{¶ 6}** In support of his first and second propositions of law, Harris asserts that the Third District erred in dismissing his complaint because his sentence is void, the APA lacked jurisdiction to extend his void sentence, and challenging a void sentence is cognizable in habeas corpus. According to Harris, his sentence is void because the trial court failed to impose a statutorily mandated term. In 1992, R.C. 2929.03(A) required a trial court to impose a life sentence "with parole eligibility after serving twenty years" for an aggravated-murder conviction. Am.Sub.S.B. No. 1, 139 Ohio Laws, Part I, 1, 9. Harris's sentencing entry, however, states that he was sentenced to life imprisonment with "[e]ligibility for

parole *in* twenty (20) years." (Emphasis added.) Harris argues that there is a difference between the words "after" and "in" and that under the terms of his sentence, he was eligible for parole *within* 20 years of serving his life sentence, rather than *after* serving 20 years.

{¶ 7} We find no difference between the sentence required by the statute and the sentence Harris received; therefore, as the Third District concluded, the alleged discrepancy between the trial court's use of "in" and the statutory reference to "after" does not render Harris's sentence void. Regardless, in general, " 'sentencing errors are not jurisdictional and thus are not cognizable in habeas corpus.' " *Dunkle v. Dept. of Rehab. & Corr.*, 148 Ohio St.3d 621, 2017-Ohio-551, 71 N.E.3d 1098, ¶ 8, citing *State ex rel. O'Neal v. Bunting*, 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, ¶ 13. And even if Harris could establish that his sentence is contrary to law, his remedy would be correction of his sentencing entry rather than his immediate release from prison, especially considering that his maximum sentence is life imprisonment.

*Proposition of Law No. 3*

{¶ 8} As Harris's third proposition of law, he argues that the Third District misconstrued one of the allegations in his complaint and therefore applied the wrong standard of review in dismissing it. Specifically, in his complaint, Harris alleged that the judgment of conviction in his case is not a final, appealable order pursuant to Crim.R. 32(C). The Third District concluded that this claim "is not properly raised in an action for [a] writ of habeas corpus." On appeal, Harris asserts that he never alleged that the trial court's failure to issue a final, appealable order entitled him to habeas relief. Rather, he claims that he raised this issue to establish that he lacked an adequate remedy at law for the other claims in his complaint.

{¶ 9} Even if Harris is correct—and he did not raise the lack of a final, appealable order as an independent ground for habeas relief—the fact that he raised one fewer basis for relief in his complaint than that identified in the Third District's

decision does not undermine the appellate court's conclusion that he failed to state a cognizable claim in habeas corpus.

*Proposition of Law No. 4*

{¶ 10} As his fourth proposition of law, Harris claims that the Third District lacked jurisdiction to dismiss his complaint because the court never served it on Turner and Turner never entered an appearance. "But R.C. Chapter 2725 prescribes a summary procedure for instituting a habeas corpus action, which does not require service of the petition prior to dismissal if the petition does not contain a facially valid claim." *State ex rel. Carrion v. Ohio Adult Parole Auth.*, 80 Ohio St.3d 637, 638, 687 N.E.2d 759 (1998). As noted above, the Third District dismissed Harris's complaint because on its face, it failed to state a cognizable claim in habeas corpus.

*Proposition of Law Nos. 5 and 6*

{¶ 11} As his fifth and sixth propositions of law, Harris alleges that the Third District erred in summarily dismissing his complaint because he had included uncontested evidence demonstrating that (1) Judge Donald L. Schott, a retired judge who presided over Harris's 1992 trial, did not have a certificate of assignment and (2) at the time of Harris's trial, Judge Schott's judicial commission included forged signatures and was therefore invalid. According to Harris, absent a certificate of assignment or valid commission, Judge Schott was not an actual judge and lacked jurisdiction to render judgment.

{¶ 12} With his complaint, Harris filed a letter from the Hamilton County Clerk of Courts confirming that Harris's trial-court record does not contain an entry assigning Judge Schott to Harris's case. He also filed a report from a purported handwriting expert who compared the signature of the former governor on a 1982 session law to that governor's signature on Judge Schott's 1982 commission. The expert concluded that the signatures on the two documents were written by two different hands. The expert did *not* conclude, however, that the governor's signature on Judge Schott's commission was forged. Harris appears to have come

to that conclusion based on his own speculation. "Unsupported conclusions contained in a habeas corpus petition are not considered admitted and are insufficient to withstand dismissal." *Chari v. Vore*, 91 Ohio St.3d 323, 328, 744 N.E.2d 763 (2001).

{¶ 13} Moreover, "[l]ike other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. "[A] claim of improper assignment of a judge can generally be adequately raised by way of appeal." *State ex rel. Key v. Spicer*, 91 Ohio St.3d 469, 470, 746 N.E.2d 1119 (2001). There is an exception to the adequate-remedy requirement: " 'when a court's judgment is void because it lacked jurisdiction, habeas is still an appropriate remedy despite the availability of appeal.' " *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 9, quoting *Gaskins v. Shiplevy*, 74 Ohio St.3d 149, 151, 656 N.E.2d 1282 (1995), *overruled on other grounds*, *Smith*, __ Ohio St.3d __, 2020-Ohio-61, __ N.E.3d __, at ¶ 29. But even if Judge Schott were somehow improperly assigned, "[i]n a court that possesses subject-matter jurisdiction, procedural irregularities in the transfer of a case to a visiting judge affect the court's jurisdiction over the particular case and render the judgment voidable, not void." *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, paragraph one of the syllabus; *see also State v. Baumgartner*, 6th Dist. Ottawa No. OT-03-013, 2004-Ohio-3907, ¶ 11 ("even if the certificate of assignment was entirely absent from a case record, it would not void the jurisdiction of the court or [the visiting judge's] authority to issue judgments and orders").

{¶ 14} Harris has not alleged facts sufficient to establish that the trial court lacked subject-matter jurisdiction. And because Harris had an adequate remedy to challenge the assignment of Judge Schott, the Third District correctly rejected this claim.

**{¶ 15}** Having rejected Harris's propositions of law, we affirm the judgment of the court of appeals.

## Motions for Judicial Notice

**{¶ 16}** In December 2019, Harris filed a motion requesting that this court take judicial notice under Evid.R. 201(D) of the transcript of his 1992 sentencing. "Under Evid.R. 201, a court may take judicial notice of adjudicative facts, 'i.e., the facts of the case.' " *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, 71 N.E.3d 1076, ¶ 16. Evid.R. 201 is not a mechanism to add to the record a transcript that an appellant failed to submit in the court below. A reviewing court generally may not add matter to the record before it and then decide the appeal on the basis of the new matter. *See State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. Harris's request is therefore denied.

**{¶ 17}** In January 2020, Harris filed a second motion for judicial notice, requesting that this court take judicial notice of (1) the "demonstrably false" assertions in Turner's merit brief, (2) the Third District's alleged failure to resolve all the claims asserted in his habeas complaint, and (3) prison officials' alleged retaliation against him. But "[t]he only facts subject to judicial notice are those that are 'not subject to reasonable dispute.' " *State ex rel. Arnold v. Gallagher*, 153 Ohio St.3d 234, 2018-Ohio-2628, 103 N.E.3d 818, ¶ 31, quoting Evid.R. 201(B). Harris requests us to take judicial notice of several disputed facts and legal conclusions. We therefore also deny his second motion.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Lionel Harris, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____