NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1786

ORR, APPELLANT, *v*. SCHWEITZER, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Orr v. Schweitzer*, Slip Opinion No. 2021-Ohio-1786.]**

*Habeas corpus—Nonjurisdictional errors, including claims of actual innocence, insufficiency of the evidence, and prosecutorial misconduct, are not cognizable in habeas corpus—Judicial notice improper when facts are not in dispute—Summary judgment inapplicable to appeal proceedings— Judgment dismissing petition for writ affirmed—Motions denied.*

(No. 2020-1424—Submitted March 30, 2021—Decided May 27, 2021.)

APPEAL from the Court of Appeals for Madison County, No. CA2020-08-014.

_____

**Per Curiam.**

{¶ 1} Appellant, Darllel Orr, an inmate at the Madison Correctional Institution, appeals the Twelfth District Court of Appeals' dismissal of his habeas corpus petition. Orr has also filed several motions seeking various orders on appeal. We affirm the court of appeals' judgment and deny all of Orr's motions.

## I. Background

**{¶ 2}** Orr was convicted in 2013 of aggravated murder with firearm specifications and other crimes and sentenced to life in prison without the possibility of parole. Orr's convictions were affirmed on appeal. *State v. Orr*, 8th Dist. Cuyahoga No. 1008441, 2014-Ohio-4680.

**{¶ 3}** In August 2020, Orr filed a petition for a writ of habeas corpus in the court of appeals naming appellee, Warden Thomas Schweitzer, as the respondent. Orr alleged that his incarceration is the product of numerous constitutional-due-process violations committed in the trial-court proceedings that resulted in his conviction. Schweitzer filed a motion to dismiss Orr's petition under Civ.R. 12(B)(6). The court of appeals granted the motion and dismissed the action. Orr timely appealed to this court as of right. He has also filed a motion for an "emergency deposition hearing order" for the purpose of obtaining sworn testimony from a purported exculpatory witness, a motion for funds to hire an investigator to locate the witness, two motions for judicial notice of facts supporting his constitutional claims, and a motion for summary judgment.

## II. Analysis

### A. *Dismissal of Orr's Petition*

**{¶ 4}** This court reviews de novo a lower court's dismissal of a habeas corpus petition under Civ.R. 12(B)(6). *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 5. Dismissal is appropriate if it appears beyond doubt from the petition, after presuming all factual allegations to be true and making reasonable inferences in the petitioner's favor, that the petitioner can prove no set of facts entitling him to extraordinary relief in habeas corpus. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10.

**{¶ 5}** The court of appeals properly dismissed Orr's petition. Though Orr complains of constitutional violations underlying his convictions, none of his

arguments implicate the jurisdiction of the trial court. Accordingly, Orr did not state a valid claim for habeas corpus, because he had adequate remedies at law, namely direct appeal or a petition for postconviction relief, to address the nonjurisdictional errors of which he complains. *Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, 54 N.E.3d 1242, ¶ 6.

{¶ 6} In his first proposition of law, Orr argues that the court of appeals erred in dismissing his petition without an evidentiary hearing. Orr contends that the court of appeals deprived him of his right to demonstrate an actual-innocence defense, which he claims is supported by newly discovered evidence. This argument does not provide a basis for reversal however, because a claim of actual innocence is not a cognizable basis for habeas relief under Ohio law, and Orr "has or had adequate legal remedies such as a petition for postconviction relief * * * to raise his contentions concerning * * * his innocence." *Shie v. Leonard*, 84 Ohio St.3d 160, 161, 702 N.E.2d 419 (1998).

{¶ 7} In his second proposition of law, Orr argues that the court of appeals erred in dismissing his habeas petition without making "a factual identification inquiry" into his guilt. Orr argues that the evidence implicating him was unreliable and insufficient to support his conviction, thereby depriving him of due process of law. Orr's argument contests the sufficiency of the evidence at trial, which is not a cognizable basis for relief in habeas corpus. *Lynch v. Wilson*, 114 Ohio St.3d 118, 2007-Ohio-3254, 868 N.E.2d 982, ¶ 5.

{¶ 8} Finally, in his third proposition of law, Orr contends that the prosecution violated his constitutional right to a fair trial by fabricating evidence, depriving him of the opportunity to cross-examine an unidentified witness referred to in police reports, and making improper statements during closing argument. But claims of prosecutorial misconduct are not cognizable in habeas corpus. *Keith*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, at ¶ 15.

*B. Orr's Motions*

**{¶ 9}** Orr has filed motions for (1) an order allowing an "emergency deposition" of a witness whose testimony, Orr contends, supports his claim of actual innocence, (2) "emergency funds" for the purpose of hiring an investigator to locate the witness, (3) judicial notice of facts supporting his constitutional claims, and (4) "summary judgment relief in the interest of justice."

**{¶ 10}** Orr's motions for an emergency deposition and for funds to locate the witness to be deposed seek to add evidence to the record to support his claim of actual innocence. We deny these motions. "A reviewing court generally may not add matter to the record before it and then decide the appeal on the basis of the new matter." *State ex rel. Harris v. Turner*, 160 Ohio St.3d 506, 2020-Ohio-2901, 159 N.E.3d 1121, ¶ 16. Moreover, as noted above, claims of actual innocence are not cognizable in habeas corpus. Therefore, the evidence Orr seeks to procure is immaterial to this proceeding.

**{¶ 11}** We also deny Orr's two motions for judicial notice. Orr asks the court to take judicial notice of "a corrupt pattern of omission tactics that has been criminally utilized" against him to obtain a conviction. In a second motion for judicial notice, Orr offers additional argument in support of his claims of actual innocence and constitutional violations at trial. Orr asks this court to take judicial notice of disputed facts and legal conclusions, which is improper. *See Harris* at ¶ 17. Judicial notice applies only to facts that are not subject to reasonable dispute. Evid.R. 201(B).

**{¶ 12}** Finally, Orr's motion for summary judgment is also improper. "Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358, 604 N.E.2d 138 (1992). Summary judgment is not applicable to proceedings on appeal.

### III. Conclusion

{¶ 13} For the foregoing reasons, we affirm the judgment of the court of appeals and deny all of Orr's motions.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Darllel Orr, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

_____