**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Alston v. Bracy*, **Slip Opinion No. 2023-Ohio-402.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-402

ALSTON, APPELLANT, *v.* BRACY, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Alston v. Bracy*, Slip Opinion No. 2023-Ohio-402.]**

*Habeas corpus—Inmate failed to comply with affidavit requirements of R.C. 2969.25(A)—Court of appeals' dismissal of petition affirmed.*

(No. 2022-0463—Submitted January 10, 2023—Decided February 14, 2023.)

APPEAL from the Court of Appeals for Trumbull County,

No. 2021-T-0046, 2022-Ohio-1208.

_____

**Per Curiam.**

{¶ 1} Appellant, Willie Alston, appeals the decision of the Eleventh District Court of Appeals dismissing his petition for a writ of habeas corpus. For the reasons that follow, we affirm the judgment of the court of appeals.

**Factual and Procedural Background**

{¶ 2} Alston is an inmate at the Trumbull Correctional Institution. According to the commitment papers attached to Alston's petition, in 1993, the

Lorain County Court of Common Pleas convicted him of two counts of attempted murder and two counts of felonious assault, all with gun specifications. The court imposed prison terms of 6 to 25 years for each count of attempted murder, 4 to 15 years for each count of felonious assault, and 3 years for each gun specification—all to be served concurrently.

{¶ 3} While imprisoned for those offenses, Alston was convicted of felonious assault with two specifications arising from an assault on a corrections officer. In July 1998, he was sentenced to a three-to-five-year prison term for that offense, to run consecutively to his earlier sentences.

{¶ 4} In November 2021, Alston filed a petition for a writ of habeas corpus in the Eleventh District against appellee, Charmaine Bracy, warden of the Trumbull Correctional Institution, seeking his immediate release from prison. Alston alleged that he completed his original sentence in May 2020 and was being wrongfully imprisoned for his 1998 conviction because he was never assigned a new inmate number for that conviction. The warden asked the Eleventh District to dismiss Alston's complaint for his failure to comply with the disclosure requirements of R.C. 2969.25(A) and because proof of the allegations in the complaint would not entitle Alston to the requested relief.

{¶ 5} The Eleventh District dismissed Alston's petition. Alston has appealed.

## Analysis

{¶ 6} This court reviews de novo the Eleventh District's judgment dismissing Alston's petition. *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 5. Dismissal is appropriate if it appears beyond doubt, after taking all factual allegations in the petition as true and making reasonable inferences in the petitioner's favor, that the petitioner can prove no set of facts entitling him to a writ of habeas corpus. *Orr v. Schweitzer*, 165 Ohio St.3d 175, 2021-Ohio-1786, 176 N.E.3d 738, ¶ 4.

**{¶ 7}** The court of appeals concluded that dismissal was appropriate because, among other reasons, Alston's petition did not comply with R.C. 2969.25(A), which requires an inmate filing an action against a government entity or employee in the court of appeals to, at the time of filing, submit an affidavit that contains a brief description of each civil action or appeal of a civil action that the inmate has filed in the previous five years, including the case number, the name of each party to those cases, and the outcome of each case. Although Alston does not argue that he complied with the affidavit requirements of R.C. 2969.25(A), he did ask the Eleventh District to excuse his omissions given his pro se status. However, "[c]ompliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal." *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 3. Therefore, the court of appeals correctly dismissed Alston's petition.

## Conclusion

**{¶ 8}** Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Willie Alston, pro se.

Dave Yost, Attorney General, and Lisa K. Browning, Assistant Attorney General, for appellee.

————————————