[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Bell v. McConahay*, Slip Opinion No. 2023-Ohio-693.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-693

BELL, APPELLANT, *v*. MCCONAHAY, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Bell v. McConahay*, Slip Opinion No. 2023-Ohio-693.]**

*Habeas corpus—Petitioner had adequate remedy in the ordinary course of law—*
*Motion to dismiss under Civ.R. 12(B)(6) was properly granted—Court of*
*appeals' judgment dismissing petition affirmed.*

(No. 2022-0418—Submitted January 10, 2023—Decided March 9, 2023.)

APPEAL from the Court of Appeals for Richland County, No. 2022-CA-005.

_____

**Per Curiam.**

{¶ 1} Appellant, Michael D. Bell, appeals the Fifth District Court of Appeals' dismissal of his petition seeking a writ of habeas corpus against appellee, Tim McConahay, warden of the Mansfield Correctional Institution ("MCI"). Bell has also filed a motion to reverse and vacate the judgment against him based on McConahay's alleged failure to timely file a merit brief in this appeal. For the

reasons that follow, we deny Bell's motion and affirm the judgment of the court of appeals.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Bell is an inmate at MCI. In 2012, a Hamilton County grand jury indicted him for murder, with a firearm specification, and for having weapons while under disability. In October 2013, Bell pleaded guilty to reduced charges of voluntary manslaughter, with a firearm specification, and to having weapons while under disability. The trial court sentenced Bell to 11 years in prison for voluntary manslaughter, 3 years for the firearm specification, and 3 years for having weapons while under disability. The trial court ordered those sentences to be served consecutively, for an aggregate sentence of 17 years. Bell did not file a direct appeal.

{¶ 3} On January 14, 2022, Bell filed a petition for a writ of habeas corpus in the Fifth District Court of Appeals. He presented several arguments to support his claim for relief.

{¶ 4} McConahay filed a motion to dismiss under Civ.R. 12(B)(6), which Bell opposed. The court of appeals granted McConahay's motion to dismiss, finding that Bell's petition failed to state a valid claim for relief in habeas corpus.

{¶ 5} Bell appeals to this court as of right.

## BELL'S MOTION TO REVERSE AND VACATE

{¶ 6} Bell filed a motion to reverse and vacate the judgment and conviction against him based on McConahay's alleged failure to timely file a brief in this appeal. We deny that motion because McConahay timely filed his merit brief on July 11, 2022.

## ANALYSIS

{¶ 7} This court reviews de novo a court of appeals' Civ.R. 12(B)(6) dismissal of a habeas corpus petition. *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 5. Dismissal is appropriate if it

appears beyond doubt, after taking all factual allegations in the petition as true and making reasonable inferences in the petitioner's favor, that the petitioner can prove no set of facts entitling him to a writ of habeas corpus. *Orr v. Schweitzer*, 165 Ohio St.3d 175, 2021-Ohio-1786, 176 N.E.3d 738, ¶ 4.

{¶ 8} Generally, a writ of habeas corpus is available only when a petitioner's maximum sentence has expired and he is being held unlawfully, *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8, or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction, *see Stever v. Wainwright*, 160 Ohio St.3d 139, 2020-Ohio-1452, 154 N.E.3d 55, ¶ 8. The writ is not available when the petitioner has an adequate remedy in the ordinary course of law unless the trial court's judgment is void for lack of jurisdiction. *State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, 172 N.E.3d 1026, ¶ 8.

{¶ 9} Bell does not assert that his maximum sentence has expired or that the trial court lacked jurisdiction. Instead, his arguments can be summarized as follows: (1) he was not permitted to attend all proceedings in his criminal case in violation of Crim.R. 43, (2) his guilty plea was unknowing and coerced and the trial court failed to engage in a Crim.R. 11(C) plea colloquy, (3) the trial court breached his plea agreement by failing to make certain statutorily mandated findings at his sentencing hearing, and (4) he received ineffective assistance of counsel because his attorney failed to object to the trial court's errors and failed to inform Bell that the state had no evidence to prove the charges against him. Bell also asserts that as a result of these alleged defects in his case, his rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated.

{¶ 10} Bell raises nonjurisdictional issues that could have rendered his sentence voidable if they had been properly raised on appeal. Bell had adequate remedies at law to challenge the trial court's alleged failure to conduct a proper Crim.R. 11(C) plea colloquy. *See State ex rel. Lusher v. Robinson*, 5th Dist.

Richland No. 15CA60, 2016-Ohio-1461, ¶ 6 (recognizing that the petitioner had the opportunity to contest the propriety of a plea colloquy during the plea hearing, in a direct appeal, or in a motion to withdraw his guilty plea). And "the issue of whether [a petitioner] made an intelligent, knowing, and voluntary guilty plea is a matter to be resolved by motion to withdraw the guilty plea, direct appeal, or postconviction proceedings, rather than in habeas corpus." *Douglas v. Money*, 85 Ohio St.3d 348, 349, 708 N.E.2d 697 (1999).

**{¶ 11}** Similarly, Bell's claims that the trial court violated Crim.R. 43 and failed to make statutorily mandated findings in support of its sentence are not jurisdictional and thus are not cognizable in habeas corpus. *See Wilson v. Hudson*, 127 Ohio St.3d 31, 2010-Ohio-4990, 936 N.E.2d 42, ¶ 1 (Crim.R. 43(A) violation does not support habeas claim); *State ex rel. O'Neal v. Bunting*, 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, ¶ 13-14 (sentencing errors are not jurisdictional and thus not cognizable in habeas corpus).

**{¶ 12}** Bell's claim that he was denied his constitutional rights to due process and effective assistance of counsel are likewise unavailing in this habeas action. *See Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, 986 N.E.2d 989, ¶ 3 (alleged due-process violation not cognizable in habeas corpus); *Bozsik v. Hudson*, 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶ 7 (claim of ineffective assistance of counsel not cognizable in habeas corpus).

**{¶ 13}** Bell maintains that he has no adequate remedy at law because no attorney would represent him or file an appeal on his behalf and his pro se filings have been unsuccessful. The fact that a remedy may no longer be available to Bell, however, does not render it inadequate or entitle Bell to the extraordinary writ of habeas corpus. *See Jackson v. Wilson*, 100 Ohio St.3d 315, 2003-Ohio-6112, 798 N.E.2d 1086, ¶ 9 ("even if these other remedies are no longer available to [the habeas petitioner], he is not thereby entitled to an extraordinary writ"); *State ex rel.*

*Gaydosh v. Twinsburg*, 93 Ohio St.3d 576, 579, 757 N.E.2d 357 (2001) (a petitioner's "failure to timely pursue [remedies] does not render them inadequate").

## CONCLUSION

**{¶ 14}** Because Bell cannot establish that he is entitled to habeas relief under any of these theories, the court of appeals properly dismissed his petition. Accordingly, we deny Bell's motion and affirm the judgment of the Fifth District Court of Appeals.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Michael Bell, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

————————————