[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. King v. Watson*, Slip Opinion No. 2023-Ohio-4189.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-4189

THE STATE EX REL. KING, APPELLANT, *v.* WATSON, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. King v. Watson*, Slip Opinion No. 2023-Ohio-4189.]

*Habeas corpus—Trial court did not patently and unambiguously lack subject-matter jurisdiction to resentence inmate when prior sentencing date was not journalized—Sentencing errors are not jurisdictional and not grounds for habeas relief—Court of appeals' judgment dismissing petition affirmed.*

(No. 2023-0323—Submitted September 12, 2023—Decided November 28, 2023.)

APPEAL from the Court of Appeals for Marion County, No. 9-22-66.

_____

**Per Curiam.**

{¶ 1} Appellant, Richard King, an inmate at North Central Correctional Institution, filed a petition for a writ of habeas corpus in the Third District Court of Appeals against appellee, Warden Tom Watson.  King alleged in his petition that the Muskingum County Court of Common Pleas (the "trial court") lacked

jurisdiction to sentence him and that his sentence is therefore void. The Third District granted the warden's motion to dismiss, and King appealed. We affirm the Third District's judgment dismissing King's petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} According to King's petition, he was convicted by a jury in 2005 on 61 counts of pandering obscenity involving a minor. The trial court sentenced him to consecutive sentences totaling 36½ years in prison.

{¶ 3} On direct appeal, the Fifth District Court of Appeals held that the trial court did not properly address whether consecutive sentences were appropriate in King's case and remanded the case for resentencing. *State v. King*, 5th Dist. Muskingum No. CT05-0017, 2006-Ohio-226, ¶ 95. The trial court held a resentencing hearing on February 6, 2006, and imposed the same sentence—36½ years in prison. The trial court never issued a judgment entry regarding the February 6 resentencing; therefore the resentencing was never journalized.

{¶ 4} On February 27, 2006, this court decided *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. We held in *Foster* that portions of Ohio's sentencing statutes, including the consecutive-sentence statute, were unconstitutional because they allowed a judge to increase a maximum sentence based on findings beyond those determined by a jury. *Id.* at ¶ 65-67. As a remedy, this court held that references to mandatory judicial fact-finding be severed from the statutes, *id.* at ¶ 96, and ordered that any criminal cases still on direct review be "remanded to trial courts for new sentencing hearings," *id.* at ¶ 104.

{¶ 5} In accordance with this court's judgment in *Foster*, the trial court held a second resentencing hearing on March 6, 2006. Citing *Foster*, the trial court again resentenced King to 36½ years in prison. The trial court journalized a judgment entry regarding the March 6 resentencing, and on appeal, the Fifth District affirmed King's sentence and the trial court's resentencing entry. *State v. King*, 5th Dist. Muskingum No. CT06-0020, 2006-Ohio-6566, ¶ 13, 28. King later challenged the

March 6 resentencing through a motion for postconviction relief, arguing that the trial court lacked authority to resentence him on March 6 because it had already resentenced him on February 6. *State v. King*, 5th Dist. Muskingum No. CT2009-0047, 2010-Ohio-798, ¶ 15, 20. The trial court denied the motion, and the Fifth District affirmed, finding that King could have raised the issue on direct appeal and that the claim was barred by res judicata. *Id.* at ¶ 25.

{¶ 6} In 2022, King filed this petition for a writ of habeas corpus in the Third District, alleging that he is being unlawfully imprisoned. He first argued in his petition that his criminal case was not on direct review when he was resentenced on March 6, 2006, and therefore, the trial court lacked jurisdiction to resentence him under *Foster*, rendering his sentence void. He also alleged that the trial court had treated one of the offenses of which he was convicted as a second-degree felony, even though it was a fourth-degree felony. And he argued that the trial court had sentenced him to eight years for that felony-offense conviction even though the maximum sentence for a fourth-degree felony is 18 months.

{¶ 7} The warden filed a Civ.R. 12(B)(6) motion to dismiss King's petition, which the Third District granted. King appealed to this court as of right. King also filed a motion requesting that we take judicial notice of certain facts and documents.

## II. LEGAL ANALYSIS

### A. *King's motion for judicial notice*

{¶ 8} King filed a motion for judicial notice, asking us to take notice under Evid.R. 201 of four documents that he attached to the motion: (1) a transcript of his February 6, 2006 resentencing hearing, (2) a court order regarding the February 6, 2006 resentencing, (3) a screenshot of an inmate-booking sheet, and (4) a transcript of his March 6, 2006 resentencing hearing. He also asks that this court take judicial notice that he was resentenced on February 6. The warden did not file a response to King's motion.

**{¶ 9}** We deny the motion. A court may take judicial notice of facts that are not subject to reasonable dispute. Evid.R. 201; *see also State ex rel. Richard v. Chambers-Smith*, 157 Ohio St.3d 16, 2019-Ohio-1962, 131 N.E.3d 16, ¶ 12. But King is attempting to add matters to the record on appeal, which he generally may not do. *State ex rel. Harris v. Turner*, 160 Ohio St.3d 506, 2020-Ohio-2901, 159 N.E.3d 1121, ¶ 16. In addition, King does not verify that the documents are true and accurate copies, *see State ex rel. Bradford v. Bowen*, 167 Ohio St.3d 477, 2022-Ohio-351, 194 N.E.3d 345, ¶ 12, and the judicial records are not publicly available on the Internet, *see State ex rel. Harris v. Bruns*, __ Ohio St.3d __, 2023-Ohio-2344, __ N.E.3d __, ¶ 10. Regarding King's request that we take judicial notice that he was resentenced on February 6, it is already apparent from the record that the trial court resentenced him on that date. The legal impact of that resentencing, however, is disputed and is one of the issues on appeal in this case.

### B. Standard of review

**{¶ 10}** This court reviews de novo a court of appeals' Civ.R. 12(B)(6) dismissal of a habeas corpus petition. *Orr v. Schweitzer*, 165 Ohio St.3d 175, 2021-Ohio-1786, 176 N.E.3d 738, ¶ 4. Dismissal is appropriate if it appears beyond doubt, after presuming all allegations in the petition to be true and making reasonable inferences in the petitioner's favor, that King can prove no set of facts entitling him to a writ of habeas corpus. *Id.*

### C. King's petition was properly verified

**{¶ 11}** As an initial matter, the warden argues that King's petition was correctly dismissed because King did not verify his petition as required by R.C. 2725.04. The warden made this argument before the Third District, but the Third District did not address it.

**{¶ 12}** The record contains a notarized affidavit signed by King "swear[ing] under penalty of perjury that the facts, legal issues, arguments, and exhibit[s] put forth in [the] Complaint and Petition for Writ of Habeas Corpus are true and

accurate to the best of his knowledge." The affidavit was filed at the same time as King's petition, but it was docketed as a separate entry. King's habeas petition was properly verified, and although we affirm the Third District's dismissal of the petition, we do not do so on this basis.

### D. The trial court did not patently and unambiguously lack subject-matter jurisdiction to resentence King on March 6, 2006

{¶ 13} A writ of habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully. *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8. Habeas corpus is unavailable when the petitioner has an adequate remedy in the ordinary course of law. *Id.* A petitioner may also obtain a writ of habeas corpus when the sentencing court patently and unambiguously lacked subject-matter jurisdiction. *Bell v. McConahay*, __ Ohio St.3d __, 2023-Ohio-693, __ N.E.3d __, ¶ 8.

{¶ 14} Here, King's maximum sentence has not expired. He was resentenced in 2006 to 36½ years in prison. And he has not shown that the trial court patently and unambiguously lacked jurisdiction to sentence him.

{¶ 15} King first argues that the trial court lacked jurisdiction to resentence him in March 2006 after this court decided *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, because the trial court had already resentenced him at the February 6, 2006 hearing. "Once a final judgment has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends." *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 9. King's February 6 resentencing hearing, however, was never reduced to a judgment and therefore was not journalized. A valid, final judgment in a criminal case requires a journal entry that sets forth the fact of the conviction, the sentence, the judge's signature, and the time stamp indicating that the clerk entered the judgment on the journal. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus;

*see also* Crim.R. 32(C) ("[a] judgment is effective only when entered on the journal by the clerk"). Because the February 6 resentencing hearing did not result in a final judgment, the trial court retained jurisdiction to resentence King at the March 6 hearing. Therefore, King has not shown that the trial court patently and unambiguously lacked subject-matter jurisdiction. *See State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338, 686 N.E.2d 267 (1997) (because conviction and sentence were never journalized by clerk, court did not patently and unambiguously lack jurisdiction to vacate conviction and hold trial on different charge); *see also State v. Klayman*, 4th Dist. Hocking No. 17CA13, 2018-Ohio-3580, ¶ 12 ("[i]n the absence of a valid final judgment reflecting the initial orally announced sanction, the trial court retained jurisdiction to modify an interlocutory order by conducting [a] second hearing and entering a final judgment reflecting the sanction imposed at that hearing").

*E. The alleged sentencing error related to Count One would not void King's sentence*

{¶ 16} King also alleges that he is entitled to a writ of habeas corpus because the sentence for one of his convictions violated R.C. 2945.75(A)(2). R.C. 2945.75(A)(2) generally requires that when the degree of an offense varies based on the presence of one or more additional elements, the verdict form must specifically list the degree of the offense or the additional present element or elements. Otherwise, "a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." *Id.*; *see also State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374 (applying R.C. 2945.75(A)); *but see State v. Jones*, 9th Dist. Medina No. 17CA0070-M, 2019-Ohio-60, ¶ 19 (R.C. 2945.75(A)(2) applies to different degrees of offense charged, not to different offenses).

{¶ 17} At the time of King's offense, the pandering-obscenity-involving-a-minor-or-impaired-person statute had several subsections, violations of which

could range from fourth-degree felonies to second-degree felonies. Former R.C. 2907.321, Sub.H.B. No. 51, 142 Ohio Laws, Part I, 1875, 1880-1881. In Count One, King was charged with violating R.C. 2907.321(A)(1), a second-degree felony. The jury convicted King on that count. But the verdict form did not state the subsection of the offense, the degree of the offense, or any additional element or elements that were present—other than stating that the conviction involved a minor. The judgment entry states that King's conviction on Count One is a second-degree felony, and the trial court sentenced King to eight years in prison on that count. At the time of the offense, the maximum sentence for a second-degree felony was an eight-year prison term while the maximum sentence for a fourth-degree felony was an 18-month prison term. *See* former R.C. 2929.14, Am.Sub.S.B. No. 123, 149 Ohio Laws, Part II, 2467, 2624-2633. King argues that because the verdict form for Count One did not list the degree of the offense or any additional elements, the eight-year sentence for Count One is void.

**{¶ 18}** But even if King could show that his conviction on Count One violates R.C. 2945.75(A)(2), such a violation would not render the trial court's sentencing judgment void or deprive the trial court of subject-matter jurisdiction. Sentencing errors, including sentencing errors related to R.C. 2945.72(A), are not jurisdictional and not grounds for habeas corpus relief. *See State ex rel. Wynn v. Baker*, 61 Ohio St.3d 464, 464-465, 575 N.E.2d 208 (1991) (denying habeas relief when one of several alleged errors was violation of R.C. 2945.75(A)(2) because sentencing error is not jurisdictional); *see also State ex rel. Sneed v. Anderson*, 114 Ohio St.3d 11, 2007-Ohio-2454, 866 N.E.2d 1084, ¶ 7.

### III. CONCLUSION

**{¶ 19}** King has not shown that his maximum prison sentence has expired nor that the trial court lacked jurisdiction to resentence him in March 2006. Thus, he is not entitled to a writ of habeas corpus. We therefore affirm the Third District

Court of Appeals' judgment dismissing King's petition. We also deny King's motion for judicial notice.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Richard King, pro se.

Dave Yost, Attorney General, and Lisa K. Browning, Assistant Attorney General, for appellee.

_____