[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Spencer v. Forshey*, Slip Opinion No. 2023-Ohio-4568.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-4568

THE STATE EX REL. SPENCER, APPELLANT, *v.* FORSHEY, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Spencer v. Forshey*, Slip Opinion No. 2023-Ohio-4568.]**

*Habeas corpus—Inmate had adequate remedy in ordinary course of law through direct appeal of his convictions and sentence, and trial court did not lack jurisdiction over his criminal case—Court of appeals' judgment granting warden's motion to dismiss affirmed.*

(No. 2023-0465—Submitted November 14, 2023—Decided December 19, 2023.)

APPEAL from the Court of Appeals for Noble County,

No. 22 NO 0500, 2023-Ohio-776.

_____

**Per Curiam.**

{¶ 1} Appellant, Brian N. Spencer, an inmate at the Noble Correctional Institution, filed a complaint for a writ of habeas corpus in the Seventh District Court of Appeals against appellee, Jay Forshey, the warden of the Noble

Correctional Institution. Spencer argues that the trial court violated his right to counsel during his criminal trial and that his resulting convictions are void. The Seventh District granted the warden's motion to dismiss and denied the writ, and Spencer has appealed. We affirm the Seventh District's judgment dismissing Spencer's complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In 2016, a Franklin County Court of Common Pleas jury convicted Spencer of possession of heroin with a firearm specification, possession of marijuana with a firearm specification, and having a weapon while under disability. The trial court sentenced him to a total of 16 years in prison.

{¶ 3} Spencer had court-appointed counsel prior to trial, but on the morning of trial, Spencer requested that the trial court appoint him a new attorney. Spencer claimed that his attorney was working with the prosecutor and was talking badly about Spencer to Spencer's family. The court refused to appoint Spencer new counsel because the trial had already been rescheduled multiple times and Spencer had waited until the morning of trial to express his concerns. Spencer then asked to be permitted to represent himself at trial. The court repeatedly advised Spencer about the risks of representing himself and recommended that Spencer keep his attorney, but Spencer continued to request that he be permitted to represent himself and the court ultimately allowed him to do so. Spencer also declined to allow his former attorney to serve as stand-by counsel.

{¶ 4} Following his convictions and sentencing, Spencer brought a direct appeal in the Tenth District Court of Appeals. *State v. Spencer*, 10th Dist. Franklin No. 16AP-444, 2017-Ohio-1140. The Tenth District affirmed, determining that the trial court had not violated Spencer's right to counsel. *Id.* at ¶ 11, 16-18.

{¶ 5} In October 2022, Spencer filed his habeas complaint in the Seventh District. He argued that his convictions and sentence are void because the trial

2

court violated his right to counsel. The warden filed a Civ.R. 12(B)(6) motion to dismiss, which the court of appeals granted. Spencer has appealed as of right.

## II. LEGAL ANALYSIS

### A. *Standard of review*

{¶ 6} We review de novo a court of appeals' Civ.R. 12(B)(6) dismissal of a habeas corpus petition. *Orr v. Schweitzer*, 165 Ohio St.3d 175, 2021-Ohio-1786, 176 N.E.3d 738, ¶ 4. Dismissal is appropriate if it appears beyond doubt, after taking all allegations in the petition as true and making reasonable inferences in the petitioner's favor, that the petitioner can prove no set of facts entitling him to a writ of habeas corpus. *Id.*

### B. *Spencer properly included an inmate-account statement with his complaint*

{¶ 7} As an initial matter, the warden argues that Spencer did not file with his complaint a statement setting forth the balance of his inmate account for each of the preceding six months as required by R.C. 2969.25(C), which is a ground for dismissing his complaint. *See State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4. The warden also asserted this argument in his motion to dismiss before the Seventh District, but the Seventh District did not address the argument.

{¶ 8} Spencer did, in fact, file a statement of his account with his complaint. Spencer thereby complied with R.C. 2969.25(C), and although we affirm the Seventh District's dismissal of Spencer's complaint, we do not do so on this basis.

### C. *The trial court had jurisdiction to convict and sentence Spencer*

{¶ 9} Spencer argues that the trial court violated his right to counsel and that this violation deprived the court of jurisdiction over his case, voiding his convictions and sentence.

{¶ 10} A writ of habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully or when the sentencing court patently and unambiguously lacked subject-matter

jurisdiction. *Bell v. McConahay*, 171 Ohio St.3d 564, 2023-Ohio-693, 218 N.E.3d 926, ¶ 8. "The writ is not available when the petitioner has an adequate remedy in the ordinary course of law unless the trial court's judgment is void for lack of jurisdiction." *Id.*

{¶ 11} Spencer had an adequate remedy in the ordinary course of the law through direct appeal of his convictions and sentence. *See Casey v. Hudson*, 113 Ohio St.3d 166, 2007-Ohio-1257, 863 N.E.2d 171, ¶ 3. He must therefore show that his convictions and sentence are void because the trial court patently and unambiguously lacked jurisdiction to convict or sentence him.

{¶ 12} The courts of common pleas have subject-matter jurisdiction over felony cases. R.C. 2931.03; *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8. Spencer argues that the trial court violated his Sixth Amendment right to counsel and that this violation deprived the court of jurisdiction. Spencer is wrong.

{¶ 13} Even if the trial court had violated Spencer's right to counsel, as we recently held in *State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, __ Ohio St.3d __, 2023-Ohio-3534, __ N.E.3d __, ¶ 21, a "violation of the defendant's right to counsel does not deprive the sentencing court of subject-matter jurisdiction any more than any other constitutional or trial error does." Such a violation is a structural error that is reversible on appeal, but it does not result in a sentence that is void for the court's lack of subject-matter jurisdiction. *Id.*

{¶ 14} The trial court therefore did not lack jurisdiction over Spencer's case, and his convictions and sentence are not void. The Seventh District therefore correctly granted the warden's motion to dismiss the complaint.

### III. CONCLUSION

{¶ 15} The trial court did not lack jurisdiction over Spencer's case, and his convictions and sentences are not void. Thus, he is not entitled to a writ of habeas

corpus. We therefore affirm the Seventh District Court of Appeals' judgment dismissing Spencer's complaint.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Brian N. Spencer, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

————————————