[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dodson v. Smith*, Slip Opinion No. 2025-Ohio-1878.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1878

THE STATE EX REL. DODSON, APPELLANT, *v*. SMITH, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dodson v. Smith*, Slip Opinion No. 2025-Ohio-1878.]

*Habeas corpus—Mistyping of appellant's name on jury-verdict form did not strip trial court of jurisdiction to sentence appellant—Sentencing entries unambiguously sentenced appellant to consecutive sentences—Appellant had adequate remedy in ordinary course of law—Court of appeals' judgment dismissing petition affirmed.*

(No. 2024-1162—Submitted January 7, 2025—Decided May 29, 2025.)

APPEAL from the Court of Appeals for Belmont County,

No. 23 BE 0054, 2024-Ohio-2766.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Ricardo Dodson, is serving prison sentences in Belmont Correctional Institution for convictions in two separate cases. According to Dodson, the jury-verdict forms in his first case contained the wrong surname (Jackson instead of Dodson) and the trial-court judge read that wrong name into the record. Then, in the sentencing entry in that case, the judge ordered that Dodson's five sentences were "all to run consecutive," but the judge did not specify the aggregate sentence. According to Dodson, before he started serving these sentences, he was sentenced in the second case. In that case, the judge ordered the sentence to be "served consecutive to the sentence already being served," even though Dodson was not yet serving a sentence.

{¶ 2} Insisting that the sentences imposed are ambiguous and that the mistyping of his surname on the jury-verdict forms stripped the trial court of jurisdiction over him, Dodson petitioned the Seventh District Court of Appeals for a writ of habeas corpus to compel appellee, Shelbie Smith, the warden of Belmont Correctional Institution,[1] to release him. Dodson asserts that the sentence imposed in the first case either is invalid or has expired, and he claims that the sentence imposed in the second case has expired.

{¶ 3} The court of appeals determined that Dodson's petition did not raise claims cognizable in habeas corpus, and it granted the warden's Civ.R. 12(B)(6) motion to dismiss. Dodson now appeals. We affirm the court of appeals' judgment and deny as moot Dodson's motion that we take judicial notice of the petition that he filed in the court of appeals in this case.

---

1. In his petition, Dodson named former warden David Gray as the respondent. The current warden of the Belmont Correctional Institution, Smith, is automatically substituted as appellee under Supreme Court Rule of Practice 4.06(B).

## I. FACTS AND PROCEDURAL HISTORY

**{¶ 4}** When considering a motion to dismiss a petition for failure to state a claim upon which relief can be granted, we presume that all factual allegations set forth in the petition are true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co*., 40 Ohio St.3d 190, 192 (1988); *see also State ex rel. Mora v. Watson*, 2025-Ohio-559, ¶ 6. Because we are reviewing the court of appeals' judgment granting the warden's motion to dismiss, the following facts from Dodson's petition are accepted as true.

**{¶ 5}** A grand jury indicted Dodson on three counts of rape, one count of attempted rape, and one count of kidnapping. A jury returned guilty verdicts on all counts in March 1991. *See State v. Dodson*, Franklin C.P. No. 90CR-11-5678B. But when the trial-court judge read the jury-verdict forms, he referred to Dodson as Ricardo *Jackson*. Dodson's petition alleges that the verdict forms contained the wrong surname and that the judge read the wrong name. (The verdict forms and trial transcript in that case are not in the record before us.) The judge polled the jury and then sentenced Dodson to 10 to 25 years' imprisonment for each count of rape and 8 to 15 years' imprisonment for each of the other counts. The judge specified that all these sentences were to run consecutively. Dodson's convictions were affirmed on appeal. *State v. Dodson*, 1991 WL 227806 (10th Dist. Oct. 24, 1991). In 1993, Dodson filed a motion in the Tenth District Court of Appeals seeking "delayed reconsideration of his direct appeal." In that motion, Dodson raised the alleged jurisdictional issue of the judge's "amend[ing]" the jury's verdict from "Ricardo Jackson" to "Ricardo Dodson." The Tenth District rejected that claim and found no error, asserting that a judge's misreading of a verdict form does not constitute his amending the verdict. *State v. Dodson*, 1993 WL 367178, *1 (10th Dist. Sept. 7, 1993).

**{¶ 6}** A separate grand jury also indicted Dodson on another count of rape and a count of kidnapping. A jury found him guilty of both offenses. *See State v.*

*Dodson*, Franklin C.P. No. 90CR-11-5725. In April 1991, five days before he was transferred to prison to begin serving the sentence imposed in the first case, the court merged the kidnapping count with the rape count and sentenced Dodson to 10 to 25 years in prison for the rape. The judge ordered Dodson to serve this sentence consecutively to the sentences "already being served." This conviction was also affirmed on appeal. *State v. Dodson*, 1991 WL 227804 (10th Dist. Oct. 31, 1991).

{¶ 7} Dodson petitioned the Seventh District for a writ of habeas corpus in 2023. He first claimed that he was being improperly held in prison because his sentence in the first case was entirely invalid. He asserted that the verdict had been returned against a person named Ricardo Jackson, not him. He claimed that because of this error, the trial court had lacked jurisdiction to enter a judgment of conviction against him.

{¶ 8} Next, he claimed that the maximum term of the sentences in each case had expired. Regarding the first case, he argued that because the trial court's entry said "all to run consecutive" and did not "specifically say which counts [were] to run consecutive to each other" or specify an aggregate prison term, his term of imprisonment was ambiguous. As ambiguities are to be resolved in favor of criminal defendants, he asserted, this ambiguity leads to a presumption that the sentences in the first case were to run concurrently. So, he argued, the maximum term of those sentences expired in 2016, i.e., 25 years after his conviction.

{¶ 9} Regarding the second case, he argued that the sentence imposed was ambiguous because the trial court sentenced him to serve the sentence consecutively to the sentence "already being served," but Dodson was not serving a prison sentence at the time. Dodson did not start serving his prison sentences imposed in the first case until five days after he was sentenced in the second case. Given this alleged ambiguity, he claimed that the prison sentence imposed in the

second case must also be served concurrently with the prison sentences imposed in the first case.

{¶ 10} The Seventh District determined that Dodson's arguments regarding the alleged ambiguities in his sentencing entries are not cognizable in a habeas corpus proceeding. The court further decided that his assertion that the trial court in the first case had improperly amended the jury-verdict forms from "Ricardo Jackson" to "Ricardo Dodson" likewise is not a proper basis for granting a writ of habeas corpus. The Seventh District instead concluded that that argument did not implicate the jurisdiction of the trial court but instead challenged the procedural aspects of the trial, which could have been addressed through direct appeal (and in fact was addressed in Dodson's motion for delayed reconsideration). The Seventh District thus granted the warden's motion to dismiss, denied Dodson's request for a writ of habeas corpus, and dismissed the case.

{¶ 11} Dodson now appeals the Seventh District's judgment. He asserts that his confinement is unlawful because (1) the jury in the first case did not convict him of any offense and (2) his maximum term of the sentences imposed in both cases has expired.

{¶ 12} The warden counters that Dodson has previously litigated the trial court's misreading of his name on the jury-verdict forms as "Ricardo Jackson" rather than "Ricardo Dodson," and she cites *Dodson*, 1993 WL 367178, at *1, to support that assertion. The warden also insists that the trial court's misstatement "did not divest it of jurisdiction to convict and sentence Dodson." The warden further claims that Dodson's challenges to the "so-called ambiguous sentencing entries are not cognizable in this habeas case," because Dodson had an adequate remedy in the ordinary course of law to challenge the alleged ambiguities on direct appeal. Finally, she says, "[I]f Dodson believes his sentence has been miscalculated, he may pursue the alternative remedy of a motion before the trial court for a sentence correction." The warden argues that Dodson has not

established that his maximum sentences have expired and thus Dodson has not established that he is being unlawfully confined.

## II.  ANALYSIS

### A.  We deny Dodson's motions

{¶ 13} After the time for briefing had passed, Dodson filed five separate motions, which are detailed below.  The warden did not respond to any of them.  For the reasons that follow, we deny all of Dodson's motions.

{¶ 14} On December 2, 2024, Dodson moved this court to take judicial notice of the petition for a writ of habeas corpus that he filed in the Seventh District in this case.  Since Dodson's petition is part of the record certified by the Seventh District, it is already before this court in this case.  *See* Supreme Court Rule of Practice 15.01.  We therefore deny this motion.

{¶ 15} On January 23, 2025, Dodson moved this court to take judicial notice of the "criminal case history" and court dockets of a person named Ricardo Jackson.  Dodson claims that the criminal cases are relevant in this case because they show that a person named Ricardo Jackson does exist and that he has a criminal record in Ohio.  But the existence of a person named Ricardo Jackson is not at issue in this case, so we deny this motion as moot.

{¶ 16} Also on January 23, 2025, Dodson moved this court to supplement the record on appeal with the trial transcripts from his first case.  We may direct that a record be supplemented under S.Ct.Prac.R. 15.08 if any part of the record from the appellate court was not transmitted to us and is necessary for us to properly consider the questions on appeal.

{¶ 17} This appeal is from an action in habeas corpus filed in the Seventh District.  The transcript from Dodson's criminal proceeding is not part of the record in this case except to the extent that Dodson properly submitted it in the Seventh District.  We therefore deny Dodson's motion to supplement the record, and we decide this case on the record transmitted on appeal.  *See State ex rel. S.Y.C. v.*

6

*Floyd*, 2024-Ohio-1387, ¶ 9 (denying motion to supplement the record on appeal with documents that were not considered by the court below).

{¶ 18} On January 31, 2025, Dodson moved this court to take judicial notice of the filings in his direct appeal of his first case to the Tenth District. Dodson suggests that we must consider the motion for delayed reconsideration that he filed in that case because the Seventh District noted in this case that in his motion for delayed reconsideration, Dodson already raised the alleged error related to the jury-verdict forms that he has raised in this habeas case and that that issue is therefore res judicata. Dodson claims that his argument in his delayed-reconsideration motion spoke to the trial court's correcting the name on the jury-verdict forms and that that claim is different from the argument he is making in this case.

{¶ 19} This habeas case, however, does not turn on res judicata. If Dodson were correct that the surname error on the jury-verdict forms divested the trial court of jurisdiction, res judicata would not bar his argument. *See State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, 2023-Ohio-3534, ¶15. And if this error is not jurisdictional, Dodson either raised it or had an opportunity to raise it on appeal. So because it is ultimately irrelevant whether Dodson raised this or a distinct argument on appeal, we deny this motion.

{¶ 20} On March 12, 2025, Dodson moved this court to vacate his conviction and sentence and order his release from prison. Dodson's newest motion is little more than a summary of his brief in this case. He is not entitled to submit additional briefing, so we deny the motion. *See State ex rel. Adkins v. Cantrell*, 2023-Ohio-1323, ¶22.

### B. Dodson's habeas petition fails

{¶ 21} A court properly dismisses a habeas petition for failing to state a claim upon which relief can be granted whenever it finds that, presuming true all factual allegations and construing reasonable inferences in the petitioner's favor, the petitioner can prove no set of facts warranting relief. *See Mora*, 2025-Ohio-

559, at ¶6. We review de novo an appellate court's dismissal of an original action for failure to state a claim. *See State ex rel. Brown v. Nusbaum*, 2017-Ohio-9141, ¶10.

**{¶ 22}** To be entitled to a writ of habeas corpus, Dodson must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from confinement. *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶10. The writ "is generally 'available only when the petitioner's maximum sentence has expired and he is being held unlawfully.'" *Leyman v. Bradshaw*, 2016-Ohio-1093, ¶8, quoting *Heddleston v. Mack*, 1998-Ohio-320, ¶6. It is not generally available when the petitioner has or had an adequate remedy in the ordinary course of law. *State ex rel. Davis v. Turner*, 2021-Ohio-1771, ¶8; *State ex rel. Bradford v. Palmer*, 2024-Ohio-4929, ¶7. But even if the petitioner has an adequate remedy in the ordinary course of law, he may be entitled to the writ if he establishes that the trial court "patent[ly] and unambiguous[ly]" lacked jurisdiction. *Ross v. Saros*, 2003-Ohio-4128, ¶ 12-14.

### 1. The trial court had jurisdiction

**{¶ 23}** Nothing suggests that the trial court in the first case lacked jurisdiction over Dodson or his criminal case. Courts of common pleas have subject-matter jurisdiction over criminal cases involving felonies. R.C. 2931.03; *State ex rel. Thompson v. Gonzalez*, 2024-Ohio-897, ¶13. Dodson was charged with and convicted of felonies in the first case. Thus, the trial court had subject-matter jurisdiction in that case.

**{¶ 24}** Dodson's claims to the contrary fail to allege any statute or circumstance that would limit the trial court's subject-matter jurisdiction over Dodson's first case or its personal jurisdiction over Dodson. Alleged errors that occurred during trial-court proceedings that do not affect the trial court's subject-matter or personal jurisdiction, such as the mistyping or misreading of the defendant's name, are not cognizable in habeas corpus. *See Appenzeller v. Black*,

8

2024-Ohio-4456, ¶ 8, citing *Bell v. McConahay*, 2023-Ohio-693, ¶ 10-11 (nonjurisdictional issues are not cognizable in habeas corpus).

{¶ 25} For these reasons, Dodson's argument that the jury did not convict him of any offenses but instead convicted a person named Ricardo Jackson, the name that was allegedly on the jury-verdict forms, fails. The jury convicted the defendant sitting before them in the case, and that was Dodson. The alleged typographical error or slip of the tongue did not affect the trial court's subject-matter or personal jurisdiction and therefore is not a proper ground on which a court can grant habeas relief.

### 2. Direct appeal was an adequate remedy

{¶ 26} Dodson had an adequate remedy in the ordinary course of law by way of appeal. *See Dunkle v. Dept. of Rehab. & Corr.*, 2017-Ohio-551, ¶9. When a petitioner not only had an adequate remedy in the ordinary course of law but also pursued it, the action in habeas corpus is clearly an attempt to "employ the writ as a substitute for, or in conjunction with" the adequate remedy in the ordinary course of law. *Luchene v. Wagner*, 12 Ohio St.3d 37, 39 (1984); *see also Pope v. Bracy*, 2022-Ohio-3190, ¶10-11 (a petitioner is not entitled to habeas corpus relief when he had an opportunity to raise his claim on appeal, even if he failed to do so). Thus, when a petitioner has or had an adequate remedy by way of appeal, a court will not issue a writ of habeas corpus. *See State ex rel. Lockhart v. Sheldon*, 2016-Ohio-627, ¶ 6.

{¶ 27} The errors that Dodson alleges could have been corrected through a direct appeal. *See DeVore v. Black*, 2021-Ohio-3153, ¶ 9 (claim that petitioner "was convicted of an uncharged offense does not present a jurisdictional defect that may be challenged in an extraordinary action"); *Smith v. Smith*, 2009-Ohio-4691, ¶ 1 ("claim that the jury-verdict forms did not list the essential elements of [the] criminal offense is not cognizable in habeas corpus"). Dodson not only had an adequate remedy by way of direct appeal, but by his own admission in his petition,

he has already exercised it. His motion for delayed reconsideration raised, in part, the same error in the jury-verdict forms that he raises in his petition, and the Tenth District found no error. *Dodson*, 1993 WL 367178, at *1. Although he did not win his argument, Dodson did have an adequate remedy in the ordinary course of law.

{¶ 28} Therefore, the Seventh District correctly rejected the first ground of Dodson's petition.

### 3. *Dodson's sentence was not ambiguous*

{¶ 29} Dodson separately argues that he should be released because his sentences have expired. He bases this argument on the way in which the trial-court judge in each case phrased his sentence. He asserts that the judge's statement in the first case that his sentences were all to be served consecutively was ambiguous because the judge failed to say which sentence was to be served consecutively to which other sentence and did not specify the aggregate sentence. Similarly, regarding the second case, he argues that the judge's statement that his sentence was to be served consecutively to the sentences he was currently serving was ambiguous because his prison term in the first case had not yet begun. Since the sentences were ambiguous regarding whether he was to serve them concurrently or consecutively, he argues, the sentences need to be run concurrently, because that is the interpretation most favorable to him, the criminal defendant.

{¶ 30} Dodson misunderstands what it means for a statement to be ambiguous. A statement is ambiguous only when "a definitive meaning proves elusive." *State v. Porterfield*, 2005-Ohio-3095, ¶11. But a statement can lack precision without being ambiguous. Here, the proclamation in the sentencing entry in the first case that all of Dodson's sentences are to be served consecutively does not have an elusive or arcane meaning. Although the entry does not specify the order in which the sentences are to be served, it clearly means that none of the sentences are to be served concurrently with any other sentence. Similarly, the only reasonable meaning of the statement in the sentencing entry in the second case is

10

that the sentence in that case is to be served consecutively to the impending sentences in the first case, not concurrently with them. The judge could have been more precise, but what the judge said was not ambiguous. Dodson's claim to the contrary fails.

### III. CONCLUSION

**{¶ 31}** Dodson claims that the trial court that handed down his sentences in the first case lacked jurisdiction and that the sentences imposed in both cases were ambiguous. But the trial court did not lack jurisdiction, and Dodson had an adequate remedy in the ordinary course of law. Thus, the Seventh District Court of Appeals was right to dismiss Dodson's petition for a writ of habeas corpus. We therefore affirm its judgment. We also deny Dodson's various motions.

Judgment affirmed.

_____

Ricardo Dodson, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

_____