[Cite as *Johnson v. Reynolds*, 2025-Ohio-2929.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| ROBERT D. JOHNSON, | CASE NO. 2025-A-0022 |
| Petitioner, | |
| - vs - | Original Action for Writ of Habeas Corpus |
| WARDEN STEPHEN REYNOLDS, | |
| Respondent. | |

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: August 18, 2025
Judgment: Petition dismissed

*Robert D. Johnson*, pro se, PID# A702-836, Lake Erie Correctional Institution, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Dave Yost*, Ohio Attorney General, and *Jerri L. Fosnaught*, Assistant Attorney General, Criminal Justice Section, State Office Tower, 30 East Broad Street, 23rd Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} Robert D. Johnson, an inmate at the Lake Erie Correctional Institution in Conneaut, Ohio, requests this court to issue a writ of habeas corpus directing respondent, Warden Stephen Reynolds, to release him from custody. The matter is before the court on Reynolds' motion to dismiss Johnson's "application for complaint for writ of state habeas corpus," construed as a petition for a writ of habeas corpus, as amended. For the reasons that follow, we dismiss the amended petition.

{¶2} In 2017, the Cuyahoga County Court of Common Pleas sentenced Johnson to prison following a jury trial, by which he was found guilty of several charges, including

attempted rape and aggravated burglary. *State v. Johnson*, 2018-Ohio-3999, ¶ 15 (8th Dist.). Johnson appealed his convictions to the Eighth District Court of Appeals, arguing in his first assigned error that the trial court erred in failing to merge the attempted rape and aggravated burglary counts. *Id.* at ¶ 16. The Eighth District determined, for reasons different from those utilized by the trial court, that the offenses were not allied offenses of similar import. *Id.* at ¶ 46. The Eighth District reasoned that the assault of the victim, with a separate identifiable harm than that of the attempted rape, served as the aggravating circumstance of the aggravated burglary conviction. *Id.* at ¶ 42.

{¶3} Following the Eighth District's decision, Johnson attempted to appeal to the Ohio Supreme Court, which declined to accept the matter for review. *State v. Johnson*, 2019-Ohio-173. Johnson thereafter petitioned for a writ of habeas corpus in federal court, which denied his petition in part and dismissed his petition in part. *Johnson v. Fender*, 2021 WL 6061273, *1 (N.D.Ohio Dec. 22, 2021).

{¶4} In the present action, Johnson seeks a writ of habeas corpus, arguing in his amended petition that he is "not challenging an error in his sentencing entry," but, instead, he maintains that the Eighth District "misunderstood the legal effect of the sentencing entry" in his direct appeal. Johnson argues that "Warden Stephen Reynolds has no legal authority to hold" him because the Eighth District "did not have subject matter jurisdiction to manufacture petitioner[']s direct appeal and use count 5 assault as separate identifiable harm when it was not an assignment of error raised by petitioner appeal attorney . . . ."

{¶5} Reynolds moves to dismiss the amended petition, maintaining that the petition fails to state a claim for which relief may be granted.

Case No. 2025-A-0022

{¶6} "A court properly dismisses a habeas petition for failing to state a claim upon which relief can be granted whenever it finds that, presuming true all factual allegations and construing reasonable inferences in the petitioner's favor, the petitioner can prove no set of facts warranting relief." *State ex rel. Dodson v. Smith*, 2025-Ohio-1878, ¶ 21, citing *State ex rel. Mora v. Watson*, 2025-Ohio-559, ¶ 6.

{¶7} "To be entitled to a writ of habeas corpus, [Johnson] must show that he is being unlawfully restrained of his liberty, R.C. 2725.01, and that he is entitled to immediate release from prison or confinement[.]" *State ex rel. Davis v. Turner*, 2021-Ohio-1771, ¶ 8, citing *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 10. "'Habeas corpus will lie only to challenge the jurisdiction of the sentencing court. R.C. 2725.05. The few situations in which habeas corpus may lie to correct a nonjurisdictional error are those in which there is no adequate remedy at law.'" *State ex rel. Quillen v. Wainwright*, 2018-Ohio-922, ¶ 6, quoting *Appenzeller v. Miller*, 2013-Ohio-3719, ¶ 9. "'A writ of habeas corpus is generally "available only when the petitioner's maximum sentence has expired and he is being held unlawfully."'" *Davis* at ¶ 8, quoting *Leyman v. Bradshaw*, 2016-Ohio-1093, ¶ 8, quoting *Heddleston v. Mack*, 84 Ohio St.3d 213, 214 (1998).

{¶8} Here, to the extent that Johnson's petition could be read as challenging the jurisdiction of the sentencing court to impose separate sentences for attempted rape and aggravated burglary, such a challenge is not jurisdictional. *Smith v. Voorhies*, 2008-Ohio-4479, ¶ 10, citing *Mosely v. Echols*, 62 Ohio St.3d 75 (1991) ("allied-offense claims are nonjurisdictional and are not cognizable in habeas corpus"). Further, Johnson had a remedy available to him, which he pursued, of appealing the sentencing court's decision to the Eighth District Court of Appeals.

Case No. 2025-A-0022

{¶9} Johnson's contention that the Eighth District Court of Appeals lacked jurisdiction to affirm the sentence does not challenge the jurisdiction *of the trial court* to impose separate sentences.

{¶10} Further, assuming without deciding that the subject matter jurisdiction of a sister appellate court may be challenged in a habeas action in this court, Johnson's challenge to the Eighth District's decision, despite his characterization, is not jurisdictional in nature.

{¶11} Article IV, § 3(B)(2), of the Ohio Constitution provides that appellate courts have subject matter jurisdiction "as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district . . . ." R.C. 2505.03 provides that "[e]very final order, judgment, or decree of a court . . . may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction." There is no dispute that the sentencing entry of the Cuyahoga County Court of Common Pleas, located within the Eighth District, constituted a final, appealable order. *See* R.C. 2505.02 (defining final orders). Thus, the Eighth District had subject matter jurisdiction over the appeal.

{¶12} Therefore, Johnson's challenge against the Eighth District's opinion alleges error, and his recourse was to seek an appeal with the Ohio Supreme Court, which he attempted. The Ohio Supreme Court's decision to not allow the appeal did not deny Johnson an adequate remedy for purposes of a petition for a writ of habeas corpus. *See State ex rel. Turner v. Corrigan*, 2015-Ohio-980, ¶ 26 ("A discretionary appeal to th[e Ohio Supreme C]ourt qualifies as an adequate remedy at law, which will preclude an

Case No. 2025-A-0022

extraordinary writ, even if th[e Ohio Supreme C]ourt declines to hear the case." (Citing *State ex rel. Smith v. O'Connor*, 71 Ohio St.3d 660, 663 (1995))).

{¶13} Accordingly, because Johnson's amended petition, on its face, does not state a claim for which habeas corpus relief may be granted, Reynolds' motion to dismiss is well-taken.

{¶14} Based on the foregoing, we grant Reynolds' motion to dismiss, dismiss Johnson's petition, as amended, and overrule all other pending motions.

JOHN J. EKLUND, J., EUGENE A. LUCCI, J., SCOTT LYNCH, J., concur.

# JUDGMENT ENTRY

For the reasons stated in the Per Curiam Opinion of this court, respondent's motion to dismiss is granted, and petitioner's petition for writ of habeas corpus is hereby dismissed.

All other pending motions are hereby overruled.

Costs to be taxed against petitioner.

JUDGE JOHN J. EKLUND
concurs

JUDGE EUGENE A. LUCCI,
concurs

JUDGE SCOTT LYNCH,
concurs

| THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY |
| --- |
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |